**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| LAVARIOUS GARDINER, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br><br>WALMART INC., et al.,<br><br>              Defendants. | CASE NO.:  4:20-cv-04618-JSW<br><br>**DEFENDANT WALMART INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Request for Judicial Notice and Proposed Order filed concurrently herewith]<br><br>Date:        June 18, 2021<br>Time:        9:00 a.m.<br>Location:    Ctrm. 5 |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, on June 18, 2021 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled Court located at 1301 Clay Street, Oakland, California, Defendant Walmart Inc. ("Walmart") will move this Court for an order dismissing this lawsuit in its entirety.

This motion is made on the grounds that Plaintiff has failed to cure the deficiencies identified by the Court in its last dismissal order and otherwise has failed to state viable claims. *First*, Plaintiff admits the alleged breach at issue (the "Alleged Breach") must have occurred, if at all, before the California Consumer Privacy Act's ("CCPA") January 1, 2020 operative date. Plaintiff also fails again to allege "personal information" was compromised. Cal. Civ. Code § 1798.81.5(d)(1)(a). *Second*, Plaintiff again fails to allege cognizable injury with respect to his remaining claims (negligence, unfair competition ("UCL"), and his contract theories). *Third*, Plaintiff's negligence claim fails under the economic loss rule, and the "special relationship" exception does not apply for reasons articulated by the Court already. Nor does he plead the breach of any duty. *Fourth*, Plaintiff's UCL claim fails because he cannot show: (1) he lacks adequate legal remedies (*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 845 (9th Cir. 2020)); or (2) any predicate "unlawful," "fraudulent," or "unfair" conduct. *Fifth*, Plaintiff's contract claims are barred by the limitation-of-liability provision in Walmart's Terms of Use. Plaintiff otherwise does not plead a breach of any contractual duty. *Finally*, Plaintiff's unjust enrichment claim is barred under *Sonner*, precluded by the parties' express contract, and otherwise is not supported by any facts showing any entitlement to relief under a quasi-contract theory.

/ / /

/ / /

/ / /

/ / /

/ / /

1   This motion is based upon this Notice of Motion and Motion, the attached

2   Memorandum of Points and Authorities, the Request for Judicial Notice filed

3   concurrently herewith, all the pleadings and papers on file herein, and on such other

4   evidence and argument as may be presented at the hearing on this matter.

5

6   Dated:  April 23, 2021                    **HUNTON ANDREWS KURTH LLP**

7

8                                            By:    /s/ Ann Marie Mortimer
                                                    Ann Marie Mortimer
9                                                   Jason J. Kim
                                                    Jeff R. R. Nelson
10                                                  Attorneys for Defendant
                                                    WALMART INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

DEFENDANT WALMART INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ......................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED................................................. 3

III.    FACTS ........................................................................................................ 3

IV.     PLAINTIFF'S PLEADING BURDEN .......................................................... 4

V.      PLAINTIFF FAILS TO STATE VIABLE CLAIMS FOR RELIEF.................. 4

        A.      Plaintiff's CCPA Claim Fails (Count I)......................................... 4

        B.      Plaintiff Fails to Allege the Requisite Injuries With Respect to His
                Remaining Claims ....................................................................... 6

        C.      Plaintiff's Claims Fail for Additional Reasons ......................... 10

                1.      Plaintiff's Negligence Claim Fails (Count II) ............... 10

                2.      Plaintiff's Unfair Competition Claim Fails (Count III)......... 11

                3.      Plaintiff's Contract Theories Fail (Counts IV-VI) .............. 13

                4.      Plaintiff's Unjust Enrichment Claim Fails (Count VII) ......... 14

VI.     CONCLUSION ......................................................................................... 15

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT WALMART INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ables v. Brooks Bros. Grp.*,
   2018 WL 8806667 (C.D. Cal. June 7, 2018) ........................................................... 7

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ............................................................................ 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................... 4

*Baba v. Hewlett-Packard Co.*,
   2010 WL 2486353 (N.D. Cal. June 16, 2010) .................................................. 13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................... 4

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
   241 F. Supp. 3d 1084 (C.D. Cal. 2017) ............................................................ 10

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) ...................................................................................... 12

*Cont'l Cas. Co. v. Enodis Corp.*,
   417 F. App'x 668 (9th Cir. 2011) ...................................................................... 15

*Corona v. Sony Pictures Ent., Inc.*,
   2015 WL 3916744 (C.D. Cal. June 15, 2015) ............................................... 8, 9

*Dep't of Water & Power of City of Los Angeles v. ABB Power T & D Co.*,
   902 F.Supp. 1178 (C.D. Cal. 1995) .................................................................. 10

*Elsayed v. Maserati N. Am., Inc.*,
   2016 WL 6091109 (C.D. Cal. Oct. 18, 2016) ................................................... 10

*Elsayed v. Maserati N. Am., Inc.*,
   215 F. Supp. 3d 949 (C.D. Cal. 2016) .............................................................. 11

*Engl v. Nat. Grocers by Vitamin Cottage, Inc.*,
   2016 WL 8578252 (D. Colo. Sept. 21, 2016) ..................................................... 7

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT WALMART INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Huynh v. Quora, Inc.*,
    2020 WL 7408230 (N.D. Cal. June 1, 2020)..................................................6

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012)............................................10, 15

*Jackson v. Loews Hotels, Inc.*,
    2019 WL 2619656 (C.D. Cal. Jan. 4, 2019)........................................7

*Jackson v. Loews Hotels, Inc.*,
    2019 WL 6721637 (C.D. Cal. July 24, 2019) .....................................9

*Khan v. Children's Nat'l Health Sys.*,
    188 F. Supp. 3d 524 (D. Md. 2016)........................................................8

*Lierboe v. State Farm Mutual Automobile Ins. Co.*,
    350 F.3d 1018 (9th Cir. 2003) ..............................................................5

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010 (N.D. Cal. 2012).................................................8

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)..................................................................................5

*Poublon v. C.H. Robinson Co.*,
    846 F.3d 1251 (9th Cir. 2017) .............................................................14

*Razuki v. Caliber Home Loans, Inc.*,
    2018 WL 6018361 (S.D. Cal. Nov. 15, 2018)....................4, 6, 9, 11

*Rivera, et al. v. Invitation Homes, Inc.*,
    2020 WL 8910882 (N.D. Cal. Oct. 29, 2020) ...................................15

*Rose v. Bank of Am., N.A.*,
    57 Cal. 4th 390 (2013)............................................................................12

*Sharma v. Volkswagen AG*,
    2021 WL 912271 (N.D. Cal. Mar. 9, 2021) ......................................14

*Smith v. Sabre Corp.*,
    No. 17-cv-5149 (C.D. Cal. Jan. 23, 2018).......................................7, 8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ............................................................2, 11

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

DEFENDANT WALMART INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   903 F. Supp. 2d 942 (S.D. Cal. 2012) ........................................................... 8

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
   996 F. Supp. 2d 942 (S.D. Cal. 2014) ......................................................... 11

*Whalen v. Michaels Stores Inc.*,
   153 F. Supp. 3d 577 (E.D.N.Y. 2015) ........................................................... 8

**Statutes**

Cal. Bus. & Prof. Code § 17204 ........................................................................ 2

Cal. Civ. Code § 1798.150 ................................................................. 2, 6, 12, 13

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

4:20-cv-04618-JSW

DEFENDANT WALMART INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## SUMMARY OF ARGUMENT

<u>CCPA</u>:  Plaintiff confirms the CCPA does not apply.  He admits "his PII was put up for sale" on the dark web in 2019 before the CCPA's January 1, 2020 operative date.  FAC ¶ 17.  Plaintiff also fails to allege the compromise of actionable "personal information."  Plaintiff asks the Court to assume the alleged hackers possess more than his "name, home address, phone number, and the last four digits and expiration dates of two of his debit cards" in 2019.  *Id.*  But the Court already rejected that "string of speculation."  Order, at 5:13-15.  Moreover, "Plaintiff's vague allegations do not establish how Walmart failed to take reasonable measures to protect customer's data."  *Id.* at 10:7-8; Cal. Civ. Code § 1798.150(a)(1).

<u>No cognizable injury or damages</u>:  Plaintiff fails again to allege cognizable injury and damages with respect to his negligence, UCL, and contract claims.

<u>Negligence</u>:  The economic loss rule continues to bar Plaintiff's negligence claim, and the "special relationship" exception fails for reasons articulated by the Court already.  Plaintiff also fails to allege the breach of any duty.  Order, at 10:7-8.

<u>UCL</u>:  Plaintiff's UCL claim fails under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).  He cannot show he lacks legal remedies.  Similarly, Plaintiff fails to allege the requisite injury in fact.  *See* Cal. Bus. & Prof. Code 17204.  Likewise, Plaintiff does not allege "unlawful," "fraudulent," or "unfair" conduct.

<u>Contract</u>:  Plaintiff's contract claims are barred by the limitation-of-liability provision in Walmart's Terms of Use ("TOU").  Plaintiff claims that provision is unconscionable for reasons rejected by the Court already.  That will not do.

<u>Unjust enrichment</u>:  Plaintiff's unjust enrichment claim suffers multiple infirmities.  It seeks restitution and thus fails under *Sonner*, it is precluded by Plaintiff's contract claim and the TOU, and there are no allegations of fraud, duress, or any other basis to support a quasi-contract theory.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Following a detailed and well-reasoned analysis, the Court found that Plaintiff's initial Complaint failed to state any viable claims against Walmart, which comes as no surprise given the Alleged Breach about which Plaintiff complains never occurred.[1] Nonetheless, the Court granted Plaintiff "leave to amend to cure the deficiencies identified in [its dismissal order], if he c[ould] do so consistent with his obligations under Federal Rule of Civil Procedure 11." Order, at 19:3-5.[2]  Plaintiff tried to do so, but could not.  None of his cosmetic amendments changes the outcome, and, in fact, several confirm that the Court reached the right result the first time.  Plaintiff's first amended complaint ("FAC") should be dismissed for the same reasons and then some:

CCPA:  Plaintiff's FAC confirms the CCPA does not apply.  He admits "his PII was put up for sale" on the dark web in 2019.  FAC ¶ 17.  Accordingly, by Plaintiff's own admission, hackers allegedly possessed his credentials long before the CCPA's January 1, 2020 operative date.  Whatever the cause, it could not have been a data breach that occurred after January 1, 2020.  That alone is dispositive.

While the Court need not even decide whether actionable "personal information" has been compromised as a result of an alleged failure of reasonable security measures, Plaintiff's allegations are deficient on that front as well.  Plaintiff fails again to allege the compromise of actionable "personal information."  Plaintiff claims the alleged hackers advertised the sale of his "name, home address, phone number, and the last four digits and expiration dates of two of his debit cards" in

---

[1] Indeed, Plaintiff's FAC bolsters the fact that any compromise likely is attributable to Plaintiff himself—*e.g.*, phishing or malware.  Plaintiff alleges only one purchase from Walmart in 2016.  FAC ¶ 8.  Yet he claims the alleged hackers possess the "last four digits and expiration dates of *two* of his debit cards."  *Id.* ¶ 17 (emphasis added).  It is implausible to suggest Plaintiff used two debit cards to make one purchase at Walmart.  Plaintiff's allegations are a mass of conflict and confusion.

[2] ECF No. 43, hereinafter, "Order."

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   2019.  FAC ¶ 17.  But the Court already held those elements do not constitute

2   actionable "personal information."  Plaintiff asks the Court to assume the alleged

3   hackers secretly possess more information.  *Id.*  But that "string of speculation" didn't

4   work the first time, and it does not work now.  Order, at 5:13-15.

5       Likewise, "Plaintiff's vague allegations do not establish how Walmart failed to

6   take reasonable measures to protect customer's data"—a requisite element of his

7   CCPA claim.  Order, at 10:7-8; Cal. Civ. Code § 1798.150(a)(1).

8       No cognizable injury or damages:  Plaintiff fails again to allege cognizable

9   injury and damages with respect to his negligence, UCL, and contract claims.

10       Negligence:  The economic loss rule continues to bar Plaintiff's negligence

11   claim, and the "special relationship" exception fails for reasons articulated by the

12   Court already.  Plaintiff also fails to allege the breach of any duty—only "vague

13   allegations" regarding security that the Court previously rejected.  Order, at 10:7-8.

14       UCL:  As the Court held in its last dismissal order, Plaintiff's UCL claim fails

15   under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), as he has not

16   and cannot show he lacks adequate legal remedies.  Similarly, as explained above,

17   Plaintiff fails to allege the requisite injury in fact.  *See* Cal. Bus. & Prof. Code 17204.

18   Likewise, Plaintiff does not allege any "unlawful," "fraudulent," or "unfair" conduct.

19       Contract:  Plaintiff's contract claims are barred by the limitation-of-liability

20   provision in Walmart's Terms of Use ("TOU").  Plaintiff claims that provision is

21   unconscionable for reasons rejected by the Court already, leaving nothing new for the

22   Court to address.

23       Unjust enrichment:  Plaintiff's unjust enrichment claim suffers multiple

24   infirmities.  It seeks restitutionary relief and thus fails under *Sonner*.  It is precluded

25   by Plaintiff's contract claim and the TOU.  And it is not supported by any factual

26   allegations showing fraud, duress, or other basis to support a quasi-contract theory.

27       Plaintiff now has tried and failed twice to state a cognizable cause of action

28   against Walmart.  Because Plaintiff was unable to "cure the deficiencies identified in

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

[the last dismissal order], if he c[ould] do so consistent with his obligations under Federal Rule of Civil Procedure 11," Order, at 19, the Court should dismiss his lawsuit with prejudice.

## II.   STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiff's claims should be dismissed without further leave to amend given his demonstrated inability to state viable claims for relief.

## III.   FACTS

Plaintiff claims he "made a purchase from Walmart's website in 2016," during which he gave certain information to Walmart—in particular, his "full name[], address[], financial account information, credit card information, and other [unspecified] private identifiable information." FAC ¶¶ 3, 8. Nonetheless, Plaintiff claims, on information and belief, that "his PII was accessed by hackers as a direct result of the [Alleged Breach] in Walmart's cybersecurity environment and internal data systems." *Id.* ¶ 8.

As "evidence" of the Alleged Breach, Plaintiff claims, "[i]n 2019, [he] learned that his PII was put up for sale" on the dark web. FAC ¶ 17. Plaintiff claims hackers advertised the sale of his "name, home address, phone number, and the last four digits and expiration dates of two of his debit cards." *Id.*

More notable, however, is what Plaintiff does not allege. Plaintiff does *not* allege the sale of any PIN or CVV information associated with "his debit cards." FAC ¶¶ 17, 18. Similarly, Plaintiff does not explain why hackers would possess information with respect to "two of his debit cards" when he alleges only one purchase from Walmart.com. *Id.* Likewise, "Plaintiff's vague allegations do not establish how Walmart failed to take reasonable measures to protect customer's data" in any event. Order, at 10:7-8.

Nonetheless, Plaintiff speculates that the Alleged Breach must have occurred because, like most individuals in a modern and digitally connected society, his information allegedly appeared on the dark web. FAC ¶ 17. So, according to

Plaintiff, it must be Walmart's fault, as opposed to the far more likely cause—a self-compromise through phishing, malware, etc.

## IV.    PLAINTIFF'S PLEADING BURDEN

To survive dismissal, plaintiffs must allege facts that demonstrate a "plausible" basis for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Indeed, the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly*, 550 U.S. at 556. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim is "plausible" only when the factual allegations allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations that establish no "more than a sheer possibility" of liability are not sufficient. *Id.* Indeed, mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). "[P]lausibility pleading standards are especially important in cases like this one, where the Defendant faces the 'potentially enormous expense of discovery' if the Court denies this motion to dismiss." *Razuki v. Caliber Home Loans, Inc.*, 2018 WL 6018361, at *2 (S.D. Cal. Nov. 15, 2018) (quoting *Twombly*, 550 U.S. at 559).

## V.    PLAINTIFF FAILS TO STATE VIABLE CLAIMS FOR RELIEF

### A.    Plaintiff's CCPA Claim Fails (Count I)

Plaintiff's FAC confirms his CCPA claim is not viable and cannot be cured:

*First*, as the Court held, the "CCPA does not apply retroactively." Order, at 4:4). Plaintiff, therefore, must allege facts showing the compromise of his

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

information "occurred no earlier than January 1, 2020"—*i.e.*, the operative date of the CCPA.  *Id.* at 4:12-14.  Plaintiff, however, now admits he "learned that his PII was put up for sale" on the dark web "[i]n 2019."  FAC ¶ 17.  Because Plaintiff's compromised credentials appeared on the dark web long before the CCPA's January 1, 2020 operative date, the CCPA does not apply.  The CCPA claim fails.[3]

*Second*, "Plaintiff's CCPA claim also fails because the complaint does not sufficiently allege disclosure of Plaintiff's personal information."  Order, at 4:16.  Once again, Plaintiff fails to "allege the disclosure of a credit or debit card or account number, and the required security or access code to access the account."  *Id.* at 5:6-7.

Plaintiff's second complaint confirms that the allegedly compromised information included only his "name, home address, phone number, and the last four digits and expiration dates of two of his debit cards."  FAC ¶ 17.  Once again, Plaintiff concedes the alleged hackers did not advertise the sale of his "PIN and CVV codes associated with those payment cards."  *Id.*  So any claim to the contrary is rank speculation.  Indeed, as before, Plaintiff instead asks the Court to assume the hackers possess his "PIN and CVV codes," and that they obtained them from Walmart.  FAC ¶ 18.  But the Court already rejected that "string of speculation":

> Plaintiff concedes that the complaint does not contain such allegations.  Instead, in opposition, he asks the Court to assume that the access code for a credit card is the expiration date plus the three-digit passcode on the back of the card, both of which are included when selling credit card numbers on the dark web "[o]therwise, the numbers would be useless to criminals."  []  Plaintiff also asks the Court to assume that when Plaintiff entered his credit card information into his Walmart account that included the card's expiration date and

---

[3] Plaintiff's allegations regarding *other* alleged customers are wholly irrelevant.  FAC ¶ 21.  Plaintiff personally must have a viable CCPA claim.  Otherwise, he cannot "seek relief on behalf of himself or any other member of the class."  *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *Lierboe v. State Farm Mutual Automobile Ins. Co.*, 350 F.3d 1018, 1022–23 (9th Cir. 2003) (class action must be dismissed where named plaintiff cannot bring claim).

4:20-cv-04618-JSW

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

> security number "[o]therwise, Walmart would not have been
> able to charge the card." []  From this string of speculation,
> Plaintiff urges that "the [c]omplaint must be read as to allege
> that this security information, in addition to the card number,
> is available for sale on the dark web."  []

Order, at 5:7-15.  Plaintiff's CCPA claim remains an irremediable "string of speculation," and the Court should dismiss it with prejudice.

*Third*, to state a CCPA claim, Plaintiff must plead a post-January 1, 2020 data breach that resulted from Walmart's "violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information."  Cal. Civ. Code § 1798.150.  As the Court noted with respect to Plaintiff's original complaint, however, his "vague allegations do not establish how Walmart failed to take reasonable measures to protect customer's data."  Order, at 10; *see also Razuki*, 2018 WL 6018361, at *1 (rejecting allegations regarding inadequate data security measures as the "type of 'threadbare' claim *Iqbal* warns of").  Plaintiff did not amend his "vague allegations," which should be rejected yet again.  *Compare* Compl. ¶¶ 82-84 *with* FAC ¶¶ 101-03.

## B.   Plaintiff Fails to Allege the Requisite Injuries With Respect to His Remaining Claims

The Court previously dismissed Plaintiff's negligence, UCL, and contract claims because he "ha[d] not sufficiently alleged injury to support [those] claims."  Order, at 5:23-24.  That remains true today.  Taking Plaintiff's alleged injuries in turn:

Loss of value of PII:  *First*, Plaintiff still "has not alleged with specificity what PII was stolen."  Order, at 6:19-20.  Plaintiff claims only the compromise of his "name, home address, phone number, and the last four digits and expiration dates of two of his debit cards," which is not enough.  FAC ¶ 17.  And this Court previously rejected Plaintiff's attempts to fill the gaps through speculation—*i.e.*, that hackers also likely possessed "PIN and CVV information," even though they were not included in the "items listed for sale."  *Id.* ¶ 18; *see also* Order, at 5:3-21; *Huynh v. Quora, Inc.*,

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2020 WL 7408230, at *6 (N.D. Cal. June 1, 2020) ("Plaintiffs have not alleged specific facts that any personal identifying information that was stolen from Quora during the 2018 Data Breach has been misused or otherwise alleged how their lost personal information or the risk of future harm constitutes an appreciable, nonspeculative, present injury.").

*Second*, Plaintiff continues to admit he "cancel[ed] credit cards" as a result of the Alleged Breach, thus negating any value associated with those cards. FAC ¶¶ 129, 139, 148. *Jackson v. Loews Hotels, Inc.*, 2019 WL 2619656, at *3 (C.D. Cal. Jan. 4, 2019) ("Plaintiff's allegations also foreclose the possibility of a certainly impending future harm regarding the exposure of her financial information" because "she 'clos[ed] or modif[ied]' her 'financial' accounts."); *Ables v. Brooks Bros. Grp.*, 2018 WL 8806667, at *5 (C.D. Cal. June 7, 2018) ("Once Ables cancelled those disclosed credit and debit card accounts, those account 'number[s], expiration date[s,] and security code[s] were rendered useless,' and the fact that his full name was made publicly available does not plausibly give rise to a current need for credit monitoring.") (citing *Engl v. Nat. Grocers by Vitamin Cottage, Inc.*, 2016 WL 8578252, at *6 (D. Colo. Sept. 21, 2016)); *Smith v. Sabre Corp.*, No. 17-cv-5149, at 4 n.2 (C.D. Cal. Jan. 23, 2018) (ECF No. 36) ("[T]he fact that Smith admitted that she cancelled her cards was fatal to her claims because it meant that there could be no future risk to those accounts and nothing to 'constantly monitor' them for.").

*Third*, even if Plaintiff did not admit canceling his cards, any information associated with those cards would be worthless. Plaintiff claims "[c]redit cards are generally configured to expire after three years." FAC ¶ 72. Yet Plaintiff claims he "made a purchase from Walmart's website in 2016." *Id.* ¶ 8. According to Plaintiff's own allegations, the card used to make that purchase would have been "configured to expire after three years"—*i.e.*, in 2019. It cannot be used and has no value.

*Fourth*, "absent any allegation that [Plaintiff] want[s] to sell [his] financial information to someone else, deprivation of value is not a cognizable form of injury."

4:20-cv-04618-JSW

DEFENDANT WALMART INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*Sabre Corp.*, No. 17-cv-5149, at 6 n.3 (citing *Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 533 (D. Md. 2016)); *see also Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1029 (N.D. Cal. 2012) ("Plaintiffs have not persuasively alleged that they reasonably expect[ed] that they would be compensated for the value of their personal information.") (quotations omitted).

<u>Risk of future harm</u>:  *First*, as explained above, Plaintiff still "does not offer specific facts regarding the PII that was allegedly stolen, does not allege that any misuse has occurred, and does not allege how the stolen personal information constitutes a nonspeculative injury."  Order, at 7:17-19.

*Second*, as explained above, Plaintiff canceled the card(s) in question, negating any possible risk of future harm associated with those cards.

*Third*, "given the zero-fraud-liability policy of every major card issuer in the country," Plaintiff would face no risk of liability for fraudulent charges in any event. *Whalen v. Michaels Stores Inc.*, 153 F. Supp. 3d 577, 581 (E.D.N.Y. 2015).

*Fourth*, the risk of future harm is not a compensable form of injury with respect to Plaintiff's negligence and UCL claims.  *Corona v. Sony Pictures Ent., Inc.*, 2015 WL 3916744, at *4 (C.D. Cal. June 15, 2015) ("To the extent Plaintiffs allege future harm or an increased risk in harm that has not yet occurred, those allegations do not support a claim for negligence, as they fail to allege a cognizable injury."); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012) ("Plaintiffs' allegations that the heightened risk of identity theft, time and money spent on mitigation of that risk, and property value in one's information, do not suffice as injury under the UCL, FAL, and/or the CLRA."),

<u>Out of pocket expenses</u>:  Once again, Plaintiff claims "he has been forced to purchase a credit monitoring service out-of-pocket."  FAC ¶ 8.  And once again, Plaintiff "offers no factual allegations in support of the alleged credit monitoring services, nor does he sufficiently allege that such services were reasonable and necessary."  Order, at 9:16-17.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

In the FAC, Plaintiff cites *Corona*, 2015 WL 3916744. FAC ¶ 54. But *Corona* involved the "public disclosure of [Sony's] employees' most sensitive, non-public PII, including Social Security numbers, employment files, salary and bank account information, health insurance and other medical information, names, home and email addresses, visa and passport numbers, and retirement plan data." *Id.* at *4. Moreover, "some plaintiffs ha[d] already received notification of attempted identity theft." *Id.* Plaintiff does not and cannot allege such facts here. As explained above, Plaintiff does not and cannot show the compromise of any sensitive information that could be used to commit identity theft.

<u>Benefit of the bargain</u>:  Once again, Plaintiff claims "[o]verpayments to Defendant[] for the goods bought from Defendant." FAC ¶ 57(g). And once again, Plaintiff "has not alleged that Walmart represented in the Privacy Policy, or otherwise, that the cost of data security was included in the cost of its goods." Order, at 10:8-9; *see also Razuki*, 2018 WL 6018361, at *1 ("However, it is unclear what payments were made to Caliber and for what services these alleged payments were made. For example, Razuki does not provide any information to show that he paid a premium for Caliber to provide reasonable and adequate security measures.").

Nor could Plaintiff had made such a showing. As this Court noted, Walmart's TOU specifically warns customers that "ANY INFORMATION YOU SEND OR RECEIVE DURING YOUR USE OF THE WALMART SITES MAY NOT BE SECURE AND MAY BE INTERCEPTED OR OTHERWISE ACCESSED BY UNAUTHORIZED PARTIES." RJN, Exh. G.[4]  "Courts have held that similar language is sufficient to put consumers on notice that a company's data security practices are not bulletproof," thereby defeating alleged benefit of the bargain damages. *Jackson v. Loews Hotels, Inc.*, 2019 WL 6721637, at *2 (C.D. Cal. July 24,

---

[4] "Courts have routinely taken judicial notice of contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot be questioned." Order, at n.2.

2019) (rejecting similar overpayment theory in data breach action).  Accordingly, Plaintiff's benefit of the bargain remains deficient.

Plaintiff has not cured—and cannot cure—his failure to plead the requisite damages and injury elements of his negligence, unfair competition, or contract claims.

### C.   Plaintiff's Claims Fail for Additional Reasons

#### 1.   Plaintiff's Negligence Claim Fails (Count II)

With respect to his negligence claim, Plaintiff claims economic losses "in an amount that [he] would have refused to pay had [he] known that Defendant[] would not protect [his] PII."  FAC ¶ 104.  "[D]isappointed expectations from a commercial transaction," however, "do not form the basis of a negligence claim."  *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012).

Plaintiff also claims—once again—economic losses based on "costly and time-consuming preventive and remediating efforts" he allegedly took.  FAC ¶ 104.  As the Court held, however, that is an "economic harm not recoverable under the economic loss doctrine."  Order, at 13:25.

Plaintiff seeks to avoid the economic loss rule under the "special relationship" exception.  FAC ¶ 105.  As before, however, "Plaintiff's allegations are insufficient to establish this type of special relationship."  Order, at 14:13-14.

*First*, the "special relationship exception is not applicable here where, unlike in *J'Aire*, Plaintiff and Defendant are in privity of contract."  *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1092-93 (C.D. Cal. 2017) (citing *Dep't of Water & Power of City of Los Angeles v. ABB Power T & D Co.*, 902 F.Supp. 1178, 1188 (C.D. Cal. 1995) ("The Court concludes that California Supreme Court cases are clear:  the six-factor test should be applied only when parties are not in privity."); *Elsayed v. Maserati N. Am., Inc.*, 2016 WL 6091109, at *10 (C.D. Cal. Oct. 18, 2016) ("The Court refuses to extend the special relationship exception to encompass direct [contractual] relationships.")).  And here, Plaintiff claims Walmart "entered into an express contract with Plaintiff."  FAC ¶ 124.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4:20-cv-04618-JSW

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*Second*, even if the "special relationship" exception could be applied in this context, Plaintiff once again fails to plead facts sufficient to invoke it.  Indeed, Plaintiff alleges only that he "engaged in the contract at issue, purchasing items from Defendant[]," and that the "contract could not have been performed without affecting Plaintiff."  FAC ¶ 107.  But the Court rejected that theory already, as it fails to "set[] [Plaintiff] apart from all potential Walmart customers" who have purchased goods from Walmart.com.  Order, at 14:14-16.  Plaintiff offers nothing new and fails, yet again, to "allege a 'special relationship' with [Walmart] beyond those envisioned in everyday consumer transactions."  *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 969 (S.D. Cal. 2014).  Indeed, Walmart "did not design [its online shopping service] with Plaintiff, or any particular use, in mind."  *Elsayed v. Maserati N. Am., Inc.*, 215 F. Supp. 3d 949, 964 (C.D. Cal. 2016).  To the contrary, Walmart offers the same online shopping experience to millions, and Plaintiff fails to allege any facts suggesting otherwise.

On top of that, Plaintiff fails to allege the breach of any duty.  As before, Plaintiff claims, in conclusory fashion, that Walmart breached its duty to protect his information.  FAC ¶¶ 101-03.  But the Court already found those "vague allegations do not establish how Walmart failed to take reasonable measures to protect customer's data."  Order, at 10; *see also Razuki*, 2018 WL 6018361, at *1.  Plaintiff's "vague allegations" remain unchanged and again should be rejected.  *Compare* Compl. ¶¶ 82-84 *with* FAC ¶¶ 101-03.

## 2. Plaintiff's Unfair Competition Claim Fails (Count III)

Plaintiff cannot show he lacks legal remedies:  The Court dismissed Plaintiff's UCL claim because he "fail[ed] to show that he lacks adequate remedies."  Order, at 11:8.  As the Court held in its last dismissal order, Plaintiff's failure to do so bars his pursuit of equitable remedies under the UCL—*e.g.*, restitution, injunctive relief.  *Id.* at 11:8-9:14 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

11

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiff has not cured this defect.  Once again, he claims losses in the form of expenditures related to alleged prophylactic measures, benefit-of-the-bargain losses, and the lost value of his information.  FAC ¶¶ 120-22.  And once again, Plaintiff seeks legal remedies in connection with those alleged losses, which he claims are "compensable." *Id.* ¶¶ 8, 54, 56, 104, 129, 139, 148.  Having failed to cure this deficiency, Plaintiff's UCL claim should be dismissed.

Plaintiff lacks statutory standing:  Once again, "Plaintiff lacks statutory standing under the UCL."  Order, at 12:15.  "Plaintiff relies on his allegations of overpayment, increased risk of identity theft, and time and money spent mitigating the risk of fraud to argue that he has established UCL standing." *Id.* at 12:19-21.  But such reliance is misplaced for the reasons above and in the Court's last order.

Plaintiff cannot predicate his UCL claim on alleged violations of other laws:  Plaintiff's allegations with respect to Walmart's allegedly "unlawful" conduct remain unchanged.  Once again, "Plaintiff's unlawful claim is premised on violations of the CCPA, CRA, and FTC."  Order, at 13:2-3.  But "these violations cannot serve as the predicate for his UCL claim." *Id.* at 13:4.

As an initial matter, Plaintiff claims Walmart failed to protect his information adequately.  FAC ¶ 119.  But this Court already found Plaintiff's "vague allegations" deficient in this respect, and he has not amended them.  Order, at 10:6-7; *compare* Compl. ¶¶ 82-84 *with* FAC ¶¶ 101-03.

The CCPA:  The CCPA expressly prohibits Plaintiff from predicating his UCL claim on an alleged violation of the CCPA.  On its face, the CCPA states that "nothing in this title shall be interpreted to serve as the basis for a private right of action under any other law," such as the UCL.  Cal. Civ. Code § 1798.150(c).

In this respect, Walmart need only show "another provision [] actually 'bar[s]' the action." *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 398 (2013) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 183 (1999)).  And Section 1798.150(c) does just that.  As the California Senate Judiciary Committee

acknowledged before the CCPA's passage, Section 1798.150(c) "eliminates the ability of consumers to bring claims for violations of the Act under statutes such as the [UCL]."  Sen. Judiciary Committee Report, June 26, 2018, p. 22; September 12, 2019 California Senate Rules Committee Report on 2019 CA A.B. 1355 (Section 1798.150 is the "only enforcement mechanism made available to consumers pursuant to the CCPA").  On top of that, as explained above, Plaintiff has not pled a CCPA violation.

<u>The CRA</u>:  As explained above, Plaintiff has not shown the Alleged Breach involved actionable "personal information" under the CRA.

<u>The FTC Act</u>:  Plaintiff's vague and conclusory references to the FTC Act fall short of the mark.  Plaintiff must "plead with particularity how the facts of this case pertain to that specific statute."  *Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, at *6 (N.D. Cal. June 16, 2010).  Plaintiff cannot do so.

Plaintiff claims "[c]onsumers cannot avoid the injury themselves because they are not informed of the severe vulnerabilities presented by the website."  FAC ¶ 119. As explained above, Plaintiff suffered no injury.  Moreover, Walmart informed customers that "ANY INFORMATION YOU SEND OR RECEIVE DURING YOUR USE OF THE WALMART SITES MAY NOT BE SECURE AND MAY BE INTERCEPTED OR OTHERWISE ACCESSED BY UNAUTHORIZED PARTIES."

### 3.    Plaintiff's Contract Theories Fail (Counts IV-VI)

Plaintiff's contract theories remain deficient.  *First*, Plaintiff fails to allege a predicate breach.  He claims generally that Walmart "failed to adopt reasonable security measures to protect the data."  FAC ¶¶ 128, 138, 146.  But the Court already found those "vague allegations" deficient, and Plaintiff did not amend them.  Order, at 10:6-7; *compare* Compl. ¶¶ 82-84 *with* FAC ¶¶ 101-03.

*Second*, "Walmart's limitation of liability clause precludes Plaintiff's contract claims."  Order, at 14:18-19.  "Plaintiff does not dispute that he agreed to the TOU." *Id.* at 15:2.  So instead, Plaintiff "argues that the limitation of liability provision is

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   both procedurally and substantively unconscionable" for reasons already rejected by

2   this Court.  *Id.* at 15:12-13.

3        Procedural unconscionability:  *First*, Plaintiff claims the "contract at issue is an

4   adhesion contract."  FAC ¶ 132.  As this Court held, however, "adhesion contracts are

5   not per se unconscionable under California law."  Order, at 15:14-16 (citing *Poublon*

6   *v. C.H. Robinson Co.*, 846 F.3d 1251, 1261-62 (9th Cir. 2017)).

7        *Second*, Plaintiff claims the "TOU's limitation of liability provision creates

8   consumer confusion because it conflicts [with] the terms of the Privacy Policy, which

9   renders it procedurally unconscionable."  Order, at 15:16-18; FAC ¶ 132.  As the

10  Court previously held, however, the "limitation of liability provision contains clear

11  language, is not buried in the TOU, and is emphasized with the use of capitalization."

12  *Id.* at 15:18-21.  Contrary to Plaintiff's characterization of the limitation of liability

13  provision, it adequately "put consumers on notice that Walmart's reasonable measures

14  for protecting PII were not infallible."  *Id.* at 15:20-21.

15       Substantive unconscionability:  Once again, Plaintiff claims the limitation of

16  liability provision is substantively unconscionable because it lacks mutuality—in

17  particular, Plaintiff claims it "purports to waive liability for all damages of any kind

18  … making the [TOU] completely illusory."  Order, at 15:22-23; FAC ¶ 132.  But the

19  Court rejected that theory already, noting that "[s]imilar limitation of liability

20  provisions … are routinely upheld by courts."  Order, at 15:23-24.

21       Plaintiff offers nothing new to salvage his contract theories.  Nor could he.  The

22  TOU says what it says, and Plaintiff cannot plead around it.

23           **4.     Plaintiff's Unjust Enrichment Claim Fails (Count VII)**

24       New to the FAC, Plaintiff's unjust enrichment claim fails for multiple reasons:

25       *First*, Plaintiff seeks the equitable remedy of restitution (FAC ¶ 154).  As

26  explained above, however, Plaintiff fails to plead facts showing his legal remedies are

27  inadequate.  *Sonner*, therefore, bars the claim.  *Sharma v. Volkswagen AG*, 2021 WL

28  912271, at *9 (N.D. Cal. Mar. 9, 2021) ("Because they have not shown that legal

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

remedies are unavailable or inadequate as to either past or future injury, Plaintiffs'
CLRA, UCL, and *unjust enrichment* claims must be dismissed.") (emphasis added).

*Second*, an unjust enrichment claim "is not cognizable when there is a valid and
enforceable contract between the parties." *Cont'l Cas. Co. v. Enodis Corp.*, 417 F.
App'x 668, 670 (9th Cir. 2011). Here, Walmart "entered into an express contract with
Plaintiff." FAC ¶ 124. As this Court has held, that is dispositive. *See, e.g., Rivera, et
al. v. Invitation Homes, Inc.*, 2020 WL 8910882, at *10 (N.D. Cal. Oct. 29, 2020).

*Third*, Plaintiff fails to plead facts showing entitlement to restitution under a
quasi-contract theory in any event. He has "not stated a claim for common law tort
such as conversion, nor has Plaintiff established that [Walmart] obtained a benefit
from [him] by fraud or duress …" *In re iPhone*, 844 F. Supp. 2d at 1076. Plaintiff's
unjust enrichment claim fails.

## VI.   **CONCLUSION**

For these reasons, and given Plaintiff's failure to remedy the defects cited by
the Court in its last dismissal order, the dismissal should be with prejudice.

Dated:  April 23, 2021                                    **HUNTON ANDREWS KURTH LLP**

By:  ___/s/ Ann Marie Mortimer___
Ann Marie Mortimer
Jason J. Kim
Jeff R. R. Nelson
Attorneys for Defendant
WALMART INC.