**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Defendant
WALMART INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LAVARIOUS GARDINER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., et al.,<br><br>Defendants. | CASE NO.:  4:20-cv-04618-JSW<br><br>**DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:       June 18, 2021<br>Time:      9:00 a.m.<br>Location:  Ctrm. 5 |

4:20-cv-04618-JSW

*Hunton Andrews Kurth LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................... 1

II.   PLAINTIFF FAILS TO STATE VIABLE CLAIMS FOR RELIEF ................... 2

      A.    Plaintiff Fails To State A Viable Claim Under The CCPA ...................... 2

      B.    Plaintiff's Alleged Injuries Are Non-Cognizable ..................................... 4

      C.    Plaintiff Fails To State A Viable UCL Claim ........................................... 9

      D.    Plaintiff Fails To State A Viable Negligence Claim ............................... 12

      E.    Plaintiff Fails To State Viable Contract Claims ..................................... 14

      F.    Plaintiff Fails To State A Viable Unjust Enrichment Claim ................... 15

III.  CONCLUSION .......................................................................................................... 15

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

4:20-cv-04618-JSW

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ables v. Brooks Bros. Grp.*,
   2018 WL 8806667 (C.D. Cal. June 7, 2018)..................................................................9

*In re Adobe Sys., Inc. Privacy Litig.*,
   66 F. Supp. 3d 1197 (N.D. Cal. 2014)..........................................................................6

*Akin v. Bus. Title Corp.*,
   264 Cal. App. 2d 153 (1968) ......................................................................................14

*In re Anthem, Inc. Data Breach Litig.*,
   2016 WL 3029783 (N.D. Cal. May 27, 2016) ..............................................................6

*Banks v. R.C. Bigelow, Inc.*,
   2021 WL 1734779 (C.D. Cal. May 3, 2021)...............................................................10

*Bear, LLC v. Marine Grp. Boat Works, LLC*,
   2015 WL 4255061 (S.D. Cal. July 14, 2015)..............................................................15

*In re California Gasoline Spot Mkt. Antitrust Litig.*,
   2021 WL 1176645 (N.D. Cal. Mar. 29, 2021) ............................................................10

*Card v. Ralph Lauren Corp.*,
   2020 WL 353464 (N.D. Cal. Jan. 21, 2020)..............................................................3, 4

*Corona v. Sony Pictures Ent., Inc.*,
   2015 WL 3916744 (C.D. Cal. June 15, 2015)...........................................................5, 6

*Free Range Content, Inc. v. Google Inc.*,
   2016 WL 2902332 (N.D. Cal. May 13, 2016) ...........................................................1, 15

*Gardner v. Downtown Porsche Audi*,
   180 Cal. App. 3d 713 (1986) ......................................................................................14

*Gibson v. Jaguar Land Rover N. Am., LLC*,
   2020 WL 5492990 (C.D. Cal. Sep. 9, 2020) ...............................................................10

*Gilbert v. Bank of Am., N.A.*,
   2014 WL 12644029 (N.D. Cal. Sept. 23, 2014)..........................................................12

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*Gordon v. Davenport*,
    2009 WL 322891 (N.D. Cal. Feb. 9, 2009)...............................................................9

*Green v. Betz*,
    2013 WL 5353051 (N.D. Cal. Sept. 24, 2013).......................................................4

*Huynh v. Quora, Inc.*,
    2020 WL 7408230 (N.D. Cal. June 1, 2020).........................................................13

*In re Intel Corp.*,
    2021 WL 1198299 (D. Or. Mar. 29, 2021) ...........................................................10

*Jackson v. Loews Hotels, Inc.*,
    2019 WL 2619656 (C.D. Cal. Jan. 4, 2019).....................................................5, 6, 8

*Jackson v. Loews Hotels, Inc.*,
    2019 WL 6721637 (C.D. Cal. July 24, 2019) .......................................................6, 7

*Jerome's Furniture Warehouse v. Ashley Furniture Indus., Inc.*,
    2021 WL 1541649 (S.D. Cal. Apr. 20, 2021) .......................................................10

*Krommenhock v. Post Foods, LLC*,
    2020 WL 6074107 (N.D. Cal. Sep. 29, 2020).......................................................10

*In re Macbook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .......................................................10

*North American Chemical Co. v. Superior Court*,
    59 Cal. App. 4th 764 (1997) ...............................................................................12

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)...............................................................................................3

*Oracle USA, Inc. v. XL Glob. Servs., Inc.*,
    2009 WL 2084154 (N.D. Cal. July 13, 2009) .......................................................12

*Pro Water Sols., Inc. v. Angie's List, Inc.*,
    2021 WL 124496 (C.D. Cal. Jan. 13, 2021)............................................................2

*Pruchnicki v. Envision Healthcare Corp.*,
    2021 WL 1564341 (9th Cir. Apr. 21, 2021).................................................*passim*

*Pruchnicki v. Envision Healthcare Corp.*,
    439 F. Supp. 3d 1226 (D. Nev. 2020) .....................................................................4

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

iii

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*R Power Biofuels, LLC v. Chemex LLC*,
    2016 WL 6663002 (N.D. Cal. Nov. 11, 2016) ................................................ 1, 12, 13

*Razuki v. Caliber Home Loans, Inc.*,
    2018 WL 6018361 (S.D. Cal. Nov. 15, 2018) ......................................................... 15

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ........................................................................ 1, 1, 2

*Seungtae Kim v. BMW Fin. Servs. NA, LLC*,
    142 F. Supp. 3d 935 (C.D. Cal. 2015) ................................................................. 11

*Sharma v. Volkswagen AG*,
    2021 WL 912271 (N.D. Cal. Mar. 9, 2021) ....................................................... 1, 15

*Shay v. Apple Inc.*,
    2021 WL 1733385 (S.D. Cal. May 3, 2021) ......................................................... 10

*Smith v. Sabre Corp.*,
    No. 17-cv-5149 (C.D. Cal. Jan. 23, 2018)............................................................. 9

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ................................................................ 1, 9, 11, 15

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. 2012) .................................................................. 9

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014) ................................................................. 11

*Stop Loss Insurance Brokers, Inc. v. Brown & Toland Medical Group*,
    143 Cal. App. 4th 1036 (2006) ........................................................................... 12

*Svenson v. Google Inc.*,
    2015 WL 1503429 (N.D. Cal. Apr. 1, 2015)........................................................... 6

*Teresa Adams v. Cole Haan, LLC*,
    2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ....................................................... 10

*Terpin v. AT&T Mobility, LLC*,
    2020 WL 883221 (C.D. Cal. Feb. 24, 2020) ......................................................... 13

*Travis v. Assured Imaging LLC*,
    2021 WL 1862446 (D. Ariz. May 10, 2021).......................................................... 6

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

iv

4:20-cv-04618-JSW

*Vilner v. Crocker Nat'l Bank*,
  89 Cal. App. 3d 732 (1979) ...................................................................................................... 14

*Whalen v. Michaels Stores Inc.*,
  153 F. Supp. 3d 577 (E.D.N.Y. 2015) ........................................................................................ 8

*Wolk v. Green*,
  516 F. Supp. 2d 1121 (N.D. Cal. 2007) .................................................................................... 10

*Zaback v. Kellogg Sales Co.*,
  2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ........................................................................ 9, 10

**Statutes**

Cal. Bus. & Prof. Code § 17204 ..................................................................................................... 1

Cal. Civ. Code § 1798.81.5 ........................................................................................................... 11

Cal. Civ. Code § 1798.150 ............................................................................................................ 11

**Other Authorities**

Fed. R. Civ. P. 11 ........................................................................................................................... 2

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**SUMMARY OF ARGUMENT**

CCPA:  Plaintiff admits "his PII was put up for sale" on the dark web before the CCPA's operative date (January 1, 2020).  FAC ¶ 17.  He cannot contradict that admission now through further amendments.  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  Plaintiff also fails to allege the compromise of actionable "personal information."  Plaintiff again relies on the speculative assumption that "PINs and/or CVVs must have been sold" because credit card numbers "would be useless to criminals" without them.  Opp. at 3:12-13; Order, at 5:10.

No cognizable injury or damages:  Plaintiff fails again to allege cognizable injury and damages with respect to his negligence, UCL, and contract claims. *Pruchnicki v. Envision Healthcare Corp.*, 2021 WL 1564341 (9th Cir. Apr. 21, 2021).

Negligence:  The economic loss rule continues to bar Plaintiff's negligence claim, and no exceptions apply.  *R Power Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002 (N.D. Cal. Nov. 11, 2016).  Plaintiff also fails to allege the breach of any duty.  Order, at 10:7-8.

UCL:  Plaintiff's UCL claim fails under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).  He cannot show he lacks legal remedies.  Similarly, Plaintiff fails to allege the requisite injury in fact.  *See* Cal. Bus. & Prof. Code 17204. Likewise, Plaintiff does not allege "unlawful," "fraudulent," or "unfair" conduct.

Contract:  Plaintiff's contract claims are barred by the limitation-of-liability provision in Walmart's Terms of Use ("TOU").  Plaintiff claims that provision is unconscionable for reasons rejected by the Court already.

Unjust enrichment:  Plaintiff's unjust enrichment claim suffers multiple infirmities.  It seeks restitution and thus fails under *Sonner*, it is precluded by Plaintiff's contract claim and the TOU, and there are no allegations of fraud, duress, or any other basis to support a quasi-contract theory.  *Free Range Content, Inc. v. Google Inc.*, 2016 WL 2902332, at *16 (N.D. Cal. May 13, 2016); *Sharma v. Volkswagen AG*, 2021 WL 912271, at *9 (N.D. Cal. Mar. 9, 2021).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's opposition confirms his inability to state plausible claims against Walmart.  As expected, Plaintiff largely recycles arguments previously rejected by the Court and seeks, yet again, to excuse harmful admissions as "scrivener errors."  At this juncture, there is no reason to waste the Court's resources on further amendments.  Among the incurable defects that remain and cannot be salvaged:

*First*, Plaintiff admits he discovered his information on the dark web long before the CCPA's effective date, and he cannot contradict that admission through further amendments.  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

*Second*, the Ninth Circuit just last month vindicated this Court's finding that Plaintiff's "vague and conclusory allegations regarding his purported injuries are insufficient to establish the damages element" of his negligence, UCL, and contract claims.  Order, at 10:27-28; *Pruchnicki v. Envision Healthcare Corp.*, 2021 WL 1564341 (9th Cir. Apr. 21, 2021) (affirming dismissal of data breach class action involving disclosure of social security number, driver's license number, and financial information for lack of cognizable damages).  The "mere misappropriation of personal information does not establish compensable damages."  *Id.* (quotations omitted).

*Third*, this Court stands with the overwhelming majority of courts that have dismissed claims that are equitable in nature—*i.e.*, Plaintiff's UCL and unjust enrichment claims—where, as here, Plaintiff seeks legal remedies.

*Fourth*, Plaintiff offers no legitimate reason for the Court to reverse its own holding regarding the applicability of the economic loss rule to his negligence claim and the limitation-of-liability and warranty disclaimer provisions in Walmart's TOU to his contract claims.  Nothing has changed.

And that is just a sampling of the irremediable defects riddled throughout Plaintiff's FAC.  Plaintiff has had ample opportunity to cure those defects, but he could not do so.  The Court should now dismiss this action with prejudice.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## II. PLAINTIFF FAILS TO STATE VIABLE CLAIMS FOR RELIEF

### A. Plaintiff Fails to State a Viable Claim Under the CCPA

No retroactivity:  As set forth in the moving papers, Plaintiff admitted he "learned that his PII was put up for sale" on the dark web "[i]n 2019"—long before the CCPA's January 1, 2020 operative date.  FAC ¶ 17.  Plaintiff characterizes that harmful admission as a "scrivener's error."  Opp. at 2:7-8.  His excuse is implausible:

*First*, that allegation is outside the scope of his pleadings and cannot be considered on a motion to dismiss.  Order, at 5:16-18 ("Although the Court will draw reasonable inferences in Plaintiff's favor at this stage, it cannot read missing allegations into the complaint.").  The claim is subject to dismissal on that basis alone.

*Second*, leave to amend would be futile, as "[i]t would not be possible for [Plaintiff] to amend his complaint … without contradicting any of the allegations of his original complaint."  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *see also Pro Water Sols., Inc. v. Angie's List, Inc.*, 2021 WL 124496, at *4 (C.D. Cal. Jan. 13, 2021) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding.") (quotations omitted).  If granted leave to amend yet again, Plaintiff necessarily would contradict his admission that he discovered his information on the dark web before the CCPA's effective date.

*Third*, this is the second time that Plaintiff has claimed a drafting error when faced with his own admissions.  The last time Plaintiff proffered that excuse, the Court was "not persuaded by Plaintiff's characterization of this allegation as a drafting error."  Order, at 8:19-20.  And here, Plaintiff's excuse is even less persuasive.  Plaintiff's own purported expert submitted a screenshot in opposition to Walmart's motion to compel arbitration showing Plaintiff's alleged information has been on the dark web since at least August 10, 2019—consistent with Plaintiff's admission.  ECF No. 27-3, Exh. 2 (showing Plaintiff's alleged information was "checked" on August 10, 2019).  This Court cautioned Plaintiff that any amendments must be "consonant with his pleading obligations under Rule 11 of the Federal Rules of Civil Procedure."

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Order, at 8:23-24.  And Plaintiff cannot claim in good faith that his information first appeared on the dark web in 2020 when his own evidence proves otherwise.

Plaintiff also claims certain payment cards appearing on the dark web "have expiration dates that could only have been acquired if the data breach happened after January 1, 2020."  Opp. at 1:24-25.  But Plaintiff does not claim those cards belong to him, and allegations regarding other alleged customers are irrelevant.  Plaintiff personally must have a viable CCPA claim.  Otherwise, he cannot "seek relief on behalf of himself or any other member of the class."  *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  And Plaintiff's own admission forecloses that possibility.

No compromise of actionable data alleged:  Plaintiff does not and cannot plead the compromise of actionable data.  So instead, he relies on the same "string of speculation" the Court rejected in the last dismissal order:  "Hackers do not sell credit card information that cannot be used, and Walmart does not process online transactions without this data."  Opp. at 3:9-10.  Stated differently, Plaintiff again relies on the speculative assumption that "PINs and/or CVVs must have been sold" because credit card numbers "would be useless to criminals" without them.  Opp. at 3:12-13; Order, at 5:10.  Plaintiff, however, offers no reason why the Court should reconsider—much less reverse—its decision to reject that same "string of speculation."  Order, at 5:7-15.

Indeed, the Court reached the right result the first time.  "[W]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation."  *Card v. Ralph Lauren Corp.*, 2020 WL 353464, at \*6 (N.D. Cal. Jan. 21, 2020).  Here, at the very least, it is equally—if not more—plausible that the criminal advertised the same information he or she possessed—*i.e.*, "Plaintiff's name, home address, phone number, and the last four digits and expiration dates of two of his debit cards."  FAC ¶

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

17; *see*, *e.g.*, *Green v. Betz*, 2013 WL 5353051, at *5 (N.D. Cal. Sept. 24, 2013) (rejecting similar "must have"-type allegation as speculative).[1]

Plaintiff cannot plead "facts tending to exclude the possibility that the alternative explanation is true, in order to render [his] allegations plausible." *Card*, 2020 WL 353464, at *6. Indeed, Plaintiff already submitted a screenshot of the alleged listing of his information for sale. ECF No. 27-3, Exh. 2. And that listing did not advertise the sale of his PIN or CVV numbers. *Id.* The CCPA claim fails.

## B.   Plaintiff's Alleged Injuries Are Non-Cognizable

Lost PII value:  Plaintiff claims the "[l]oss of value of the PII is a well-established damages theory in this and other jurisdictions." Opp. at 3:17-18. This is incorrect, as the Ninth Circuit just affirmed. *Pruchnicki v. Envision Healthcare Corp.*, 2021 WL 1564341, at *1 (9th Cir. Apr. 21, 2021) (affirming dismissal where plaintiff claimed "diminution in value of [her] personal and financial information").

As in *Pruchnicki*, "there are no specific allegations that [P]laintiff has been unable to sell, profit from, or otherwise monetize h[is] personal information." *Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1235 (D. Nev. 2020), aff'd, 2021 WL 1564341 (9th Cir. Apr. 21, 2021). "Similarly, there are no specific allegations suggesting how the value of h[is] personal information has been reduced." *Id.* "Instead, there are only a handful of conclusory allegations to support these purported damages." *Id.* Plaintiff's "lost PII value" theory fails under Ninth Circuit precedent, and this Court should reject it yet again. In fact, Plaintiff's allegations fail for reasons beyond those at issue in *Pruchnicki*:

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

[1] The seller easily could advertise the sale of corresponding PIN or CVV numbers without disclosing the actual numbers—just like the seller could advertise the last four digits of a payment card number without revealing the full number. According to Plaintiff, the seller did not do so. Despite that, Plaintiff still asks the Court to assume the seller possesses such information even though he cannot allege this is so.

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

- A "credit card number alone may not have significant value to cause harm," and Plaintiff has not pled the compromise of an "access code or password and/or expiration date."  Order, at 6:20-23.

- Plaintiff continues to admit he "cancel[ed] credit cards" as a result of the Alleged Breach, thus negating any value associated with those cards.  FAC ¶¶ 129, 139, 148; *Jackson v. Loews Hotels, Inc.*, 2019 WL 2619656, at \*3 (C.D. Cal. Jan. 4, 2019) ("Plaintiff's allegations also foreclose the possibility of a certainly impending future harm" because "she 'clos[ed] or modif[ied]' her 'financial' accounts.").

- Under Plaintiff's allegations, the card used to make his purchase in 2016 would have been "configured to expire after three years"—*i.e.*, in 2019.  It is no longer usable and has no value.  FAC ¶¶ 8, 72.[2]

Plaintiff's lost PII value theory fails under Ninth Circuit precedent and this Court's prior dismissal order.  It should be rejected yet again.

Out-of-pocket expenses and lost time:  Plaintiff claims his alleged "out-of-pocket expenses and time and labor spent monitoring accounts constitute a valid injury."  Opp. at 6:5-6.  Plaintiff is wrong on both counts.

As to lost time, the Ninth Circuit just held there is "no authority recognizing lost time as a cognizable injury for the purpose of establishing compensable damages."  *Pruchnicki*, 2021 WL 1564341, at \*1.

As to credit monitoring costs, the Court already rejected that theory because Plaintiff failed to "sufficiently allege that such services were reasonable and necessary."  Order, at 9:16-17.  That same defect remains.  Plaintiff cites *Corona v.*

_____

[2] Curiously, Plaintiff does not even suggest otherwise.  Rather, Plaintiff argues that the "statutory period for Plaintiff's claims goes back at least two years from the date of the injury, which is, at the earliest, July of 2018."  Opp. at 4:11-13.  Plaintiff, however, never tried to sell information relating to his card during the limitations period.  And he could not do so now if it is expired and has no value.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5                                              4:20-cv-04618-JSW

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Sony Pictures Ent., Inc.*, 2015 WL 3916744 (C.D. Cal. June 15, 2015).  Opp. at 6:7-8.  But *Corona* involved the "public disclosure of [Sony's] employees' most sensitive, non-public PII, including Social Security numbers, employment files, salary and bank account information, health insurance and other medical information, names, home and email addresses, visa and passport numbers, and retirement plan data."  *Id.* at *4.  Moreover, "some plaintiffs ha[d] already received notification of attempted identity theft."  *Id.*  Plaintiff cannot allege such facts here in light of his inability to show the compromise of any sensitive information that could be used to commit identity theft.[3]  *Travis v. Assured Imaging LLC*, 2021 WL 1862446, at *9 (D. Ariz. May 10, 2021) (rejecting theory under less stringent Article III standard:  "Without imminent harm, mitigation expenses do not meet the injury in fact requirement of standing.").

 Benefit-of-the-bargain:  Plaintiff claims his "damages theory for benefit of the bargain is well-pled."  Opp. at 4:15.  It is not.

 Plaintiff makes the same arguments he made during the last go-round, which the Court roundly rejected.  So, too, have multiple other courts.  *See*, *e.g.*, *Travis*, 2021 WL 1862446, at *10 (rejecting theory under less stringent Article III standard:  "Other courts that have examined this theory of injury have declined to find that it constitutes an injury in fact for Article III standing purposes and this Court agrees.").  Once again, Plaintiff cites cases that "involve a defendant who made a statement or representation about their data security practices upon which the plaintiff relied before handing over his personal information."  *Jackson v. Loews Hotels, Inc.*, 2019 WL 6721637, at *1 (C.D. Cal. July 24, 2019); Opp. at 4:17-21.[4]  As Walmart previously

---

[3] Plaintiff admits canceling the credit card(s) at issue, so "any injury resulting from spending money guarding against future fraudulent credit card charges are precisely the sort of 'manufactured' standing that cannot establish an injury in fact."  *Jackson*, 2019 WL 2619656, at *2.  It also appears any compromised cards are expired.

[4] *In re Anthem, Inc. Data Breach Litig.*, 2016 WL 3029783 (N.D. Cal. May 27, 2016) (Opp. at 14:5); *Svenson v Google Inc.*, 2015 WL 1503429 (N.D. Cal. 2015) (Opp. at 14:16); *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197 (N.D. Cal. 2014).

6                                                                    4:20-cv-04618-JSW

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

pointed out, unlike the plaintiffs in those cases, Plaintiff fails to allege any misrepresentations made by Walmart "upon which the plaintiff relied before handing over his personal information." *Jackson*, 2019 WL 6721637 at *1. Plaintiff does not claim he read any misrepresentations regarding Walmart's data security practices, much less relied on them, before he made any online purchases.

Plaintiff again relies on Walmart's privacy policy (which he never claims to have read). Opp. at 4:27-5:8. But the Court already considered and rejected Plaintiff's arguments under the privacy policy. Order, at 10:2-5. As an initial matter, "Plaintiff's vague allegations do not establish how Walmart failed to take reasonable measures to protect customer's data," and Plaintiff did not amend them. *Id.* at 10:6-7; *compare* Compl. ¶¶ 82-84 *with* FAC ¶¶ 101-03.

Similarly, Plaintiff "has not alleged that Walmart represented in the Privacy Policy, or otherwise, that the cost of data security was included in the cost of its goods." Order, at 10:7-9. Plaintiff claims the privacy policy "explicitly states that it employs personnel to ensure the data security of its website," so "customers would reasonably expect that a cut of its sales revenue goes to maintaining Walmart's data security infrastructure." Opp. at 5:5-7. But that does not show Plaintiff's purchase "included a sum understood by the parties to be allocated toward customer data protection." Order, at 10:13-14. The privacy policy says nothing about pricing, much less that Walmart charged Plaintiff for "customer data protection." And Plaintiff alleges no facts suggesting he paid Walmart a premium to buy his items online, as opposed to a brick-and-mortar store.

In fact, Walmart openly disclosed that its "data security practices are not bulletproof," thus defeating alleged benefit-of-the-bargain damages. *Jackson*, 2019 WL 6721637, at *2 (rejecting benefit-of-the-bargain theory notwithstanding statement in privacy policy that "personal information collected from users online ... is stored ... on databases protected through a combination of physical and electronic access controls, firewall technology and other reasonable security measures" in light of "clear

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

7

4:20-cv-04618-JSW

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

admonitory language" that use of online services was "at the user's own risk"). Plaintiff's benefit-of-the-bargain theory fails.

Future harm:  Plaintiff continues to claim his allegations of alleged future harm give rise to cognizable damages, despite this Court's holding to the contrary and the Ninth Circuit's subsequent agreement with this Court's holding.  Opp. at 5:9-6:4; Order, at 7:23-8:16; *Pruchnicki*, 2021 WL 1564341, at \*1 (affirming dismissal of data breach class action due to lack of damages where plaintiff alleged "imminent and certainly impending injury flowing from potential fraud and identity theft").

Even if the alleged risk of future harm could be deemed compensable (and it cannot), Plaintiff again fails to show how the alleged disclosure of the information at issue—"name, home address, phone number, and the last four digits and expiration dates of two of his debit cards"—presents any future risk of identity theft or fraud. FAC ¶ 17; Order, at 7:14-22.  Fraudulent charges cannot be made without PIN or CVV numbers, much less on a canceled or otherwise expired card.

Similarly, as set forth in the moving papers, Plaintiff faces no risk of liability for fraudulent charges "given the zero-fraud-liability policy of every major card issuer in the country." *Whalen v. Michaels Stores Inc.*, 153 F. Supp. 3d 577, 581 (E.D.N.Y. 2015).  In response, Plaintiff argues that, "[d]epending on the type of card that is compromised, the institution that issues the card, and how the card is used, consumers may still end up eating a fraudulent charge."  Opp. at 5:16-17.  Plaintiff, however, alleges no such facts with respect to his own payment card(s); accordingly, Plaintiff does not and cannot show he "may still end up eating a fraudulent charge." *Id.*[5]

Likewise, Plaintiff canceled the card(s) in question, negating any possible risk of future harm associated with those cards.  FAC ¶¶ 129, 139, 148; *Jackson v. Loews Hotels, Inc.*, 2019 WL 2619656, at \*3 (C.D. Cal. Jan. 4, 2019) ("Plaintiff's allegations

---

[5] To do so, of course, Plaintiff would need to know which card he used to make his Walmart purchase.  As the Court noted before, the fact that Plaintiff does not know this "undermines any argument that Plaintiff has suffered injury."  Order, at 8n.1.

also foreclose the possibility of a certainly impending future harm regarding the exposure of her financial information" because "she 'clos[ed] or modif[ied]' her 'financial' accounts."); *Ables v. Brooks Bros. Grp.*, 2018 WL 8806667, at *5 (C.D. Cal. June 7, 2018); *Smith v. Sabre Corp.*, No. 17-cv-5149, at 4 n.2 (C.D. Cal. Jan. 23, 2018) (ECF No. 36). Plaintiff attributes this admission to "inartful pleading." Opp. at 4:7-9. But this is the second time Plaintiff has relied on that excuse. The Court previously was "not persuaded by Plaintiff's characterization of this allegation as a drafting error." Order, at 8:19-20. It is significantly less credible this time around given Plaintiff's ability to amend the complaint.

Finally, Plaintiff does not respond to Walmart's argument that a "heightened risk of identity theft, time and money spent on mitigation of that risk, and property value in one's information, do not suffice as injury under the UCL." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012). "[S]o he concedes Walmart's assertion." Order, at 13:3-5 (citing *Gordon v. Davenport*, 2009 WL 322891, at *4 n.4 (N.D. Cal. Feb. 9, 2009)).

### C.   **Plaintiff Fails to State a Viable UCL Claim**

Statutory standing:  Once again, "Plaintiff relies on his allegations of overpayment, increased risk of identity theft, and time and money spent mitigating the risk of fraud to argue that he has established UCL standing; however, those arguments fail for the reasons discussed above." Order, at 12:19-21. "Moreover, courts have widely held that 'personal information' does not constitute money or property under the UCL." *Id.* at 12:24-25. Plaintiff's UCL claim fails again for lack of standing.

Adequacy of legal remedies:  Plaintiff seeks to avoid the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), arguing that "[c]ourts have interpreted [it] to require detailed allegations of lack of adequate remedy at law only at the eve of trial." Opp. at 9:2-3. But this Court held otherwise, and so too have the numerous courts cited in its last dismissal order. Order, at 11:18-25 (citing *Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, *4 (S.D. Cal. Oct. 29,

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4:20-cv-04618-JSW

2020) (rejecting same argument that "*Sonner* is distinguishable because the amendment of the complaint and motion to dismiss came at an unusually late stage in litigation"); *In re Macbook Keyboard Litig.*, 2020 WL 6047253, at *2 (N.D. Cal. Oct. 13, 2020) ("[T]he question is whether Plaintiffs have adequately pled their claims for equitable relief, and *that question is not premature on a motion to dismiss*.") (emphasis added); *Teresa Adams v. Cole Haan, LLC*, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) (same). As those courts have held, "[n]othing in *Sonner* limits its precedential value to [] circumstances" in which the "amendment of the complaint and motion to dismiss c[o]me at an unusually late stage in litigation."[6] *Zaback*, 2020 WL 6381987, at *4. This issue "has been fairly and fully briefed" through two rounds of motions to dismiss, and it is ripe for adjudication. *Id.*

As to injunctive relief, "Plaintiff has not demonstrated that the potential harm caused by Walmart's failure to protect its customers could not be remedied by monetary damages." Order, at 12:9-10. Plaintiff cites "loss of economic opportunities" and "time and reputational concerns associated with identity theft." Opp. at 9:18-22. As an initial matter, none of that is pled in the FAC. Even still (and even if those speculative harms could befall Plaintiff in light of the limited information alleged to have been compromised), plaintiffs routinely seek money damages in connection with the same. *See*, *e.g.*, *Wolk v. Green*, 516 F. Supp. 2d 1121, 1135 (N.D. Cal. 2007) ("Plaintiff requests consequential damages for her 'forfeiture of economic opportunities,' 'injury to her credit rating', and for her 'losses due to the

---

[6] *See also Shay v. Apple Inc.*, 2021 WL 1733385, at *4 (S.D. Cal. May 3, 2021); *Banks v. R.C. Bigelow, Inc.*, 2021 WL 1734779, at *5 (C.D. Cal. May 3, 2021); *Jerome's Furniture Warehouse v. Ashley Furniture Indus., Inc.*, 2021 WL 1541649, at *9 (S.D. Cal. Apr. 20, 2021); *In re California Gasoline Spot Mkt. Antitrust Litig.*, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021); *In re Intel Corp.*, 2021 WL 1198299, at *11 (D. Or. Mar. 29, 2021); *Krommenhock v. Post Foods, LLC*, 2020 WL 6074107, at *1 (N.D. Cal. Sep. 29, 2020); *Gibson v. Jaguar Land Rover N. Am., LLC*, 2020 WL 5492990, at *3 (C.D. Cal. Sep. 9, 2020).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

DEFENDANT WALMART INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

need to refinance her home at a high rate of interest in order to acquire sufficient funds to relocate out of state, and the expense of relocation.'"); *Seungtae Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 944 (C.D. Cal. 2015) (reputational damages).

As to restitution, despite Plaintiff's claims to the contrary (Opp. at 9:22-10:2), the Court already found that "Plaintiff would not necessarily be entitled to the full refund of the purchase price as restitution." Order, at 12:11-12. There is no reason or basis to revisit—much less disturb—that decision. Plaintiff has not and cannot show he lacks legal remedies. *Sonner*, therefore, bars his UCL claim.

No "unlawful," "unfair," or "fraudulent" conduct: As to "unlawful" conduct, Plaintiff claims he pled violations of the CCPA, CRA, and FTC Act sufficient to support a UCL claim under the "unlawful" prong. Opp. at 10:9-10. He did not.

As to the CCPA, Plaintiff does not address Walmart's contention that the CCPA expressly prohibits its usage as a UCL predicate. Motion at 12:21-13:6 (citing Cal. Civ. Code § 1798.150(c) ("[N]othing in this title shall be interpreted to serve as the basis for a private right of action under any other law" such as the UCL)). So the Court should deem any such claim abandoned. Beyond that still, Plaintiff fails to show a violation of the CCPA claim for the reasons set forth above.

As to the CRA, Plaintiff claims he "has identified personal information which was subject to a data breach under that Act." Opp. at 10:12-14. As shown above, Plaintiff has not pled the disclosure of his "credit or debit card number, in combination with any required security code, access code, or password that would permit access to [his] financial account." Cal. Civ. Code § 1798.81.5(d)(1)(A)(iii). Plaintiff also cannot show damages, a statutory prerequisite, for reasons stated already. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 1010 (S.D. Cal. 2014). There is no CRA violation.

As to the FTC Act, Plaintiff claims "Defendant knowingly failed to use industry-standard security methods and thereby failed to protect against the unauthorized disclosure of its customers' PII." Opp. at 10:14-16. Not so. As an

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

11                                                                    4:20-cv-04618-JSW

initial matter, that deviates from Plaintiff's actual allegations, which did not change following the Court's last dismissal order. FAC ¶ 119. As to the allegations Plaintiff actually pled, Plaintiff does not respond to Walmart's arguments. Motion, at 13:13-18. Plaintiff has failed to plead any "unlawful" conduct.

As to "unfair" conduct, Plaintiff claims Walmart "does not even challenge whether Plaintiff has adequately pled unfair conduct under the UCL." Opp. at 10:21-22. But it did. Motion, at 2:18. Indeed, Plaintiff's claims of "unfair" conduct, which he did not amend since the Court's last dismissal order, are predicated entirely on his "vague allegations" regarding alleged security shortcomings and purported legal violations. FAC ¶¶ 116-18.

As to "fraudulent" conduct, Plaintiff concedes he has not pled any.

### D.    Plaintiff Fails to State a Viable Negligence Claim

Plaintiff cannot avoid the economic loss rule. *First*, Plaintiff claims the "economic loss doctrine plainly does not apply when the defendant has breached a duty which is independent of the contract at issue." Opp. at 13:18-19. But that narrow exception applies only "where a defendant's actions that constitute breach of contract also cause physical injury; for wrongful discharge in violation of fundamental public policy; or when the plaintiff was fraudulently induced to enter the contract." *R Power Biofuels, LLC v. Chemex LLC*, 2016 WL 6663002, at *10 (N.D. Cal. Nov. 11, 2016); *see also Gilbert v. Bank of Am., N.A.*, 2014 WL 12644029, at *5 (N.D. Cal. Sept. 23, 2014); *Oracle USA, Inc. v. XL Glob. Servs., Inc.*, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009). Plaintiff pleads none of those things.

*Second*, Plaintiff claims "[i]t is no longer a requirement that the parties lack contractual privity in order to apply the special relationship doctrine." Opp. at 14:18-19. Plaintiff cites *Stop Loss Insurance Brokers, Inc. v. Brown & Toland Medical Group*, 143 Cal. App. 4th 1036 (2006) and *North American Chemical Co. v. Superior Court*, 59 Cal. App. 4th 764 (1997). Analyzing those very decisions, Judge Koh found the "special relationship" exception "does not apply where the parties are in

12                                          4:20-cv-04618-JSW

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

privity of contract with respect to contracts for goods," as opposed to services. *R Power*, 2016 WL 6663002, at \*7. And here, Plaintiff contracted to buy goods from Walmart. FAC ¶ 8. The "special relationship" exception does not apply.

Even if the "special relationship" exception could apply (and it cannot), "Plaintiff's allegations are insufficient to establish this type of special relationship." Order, at 14:13-14. Plaintiff recycles the same arguments the Court rejected in its last dismissal order, and they fare no better here. Plaintiff cites two cases in support of his "special relationship" claim, both of which are inapposite. Opp. at 15:16-19 (citing *Huynh v. Quora, Inc.*, 2020 WL 7408230 (N.D. Cal. June 1, 2020); *Terpin v. AT&T Mobility, LLC*, 2020 WL 883221 (C.D. Cal. Feb. 24, 2020)).

As an initial matter, both cases involved contracts for services, and the "special relationship" exception does not apply to contracts for the sale of goods. *R Power*, 2016 WL 6663002, at \*7. Even still, in *Huynh*, the court found that, "[a]s to the first [*J'Aire*] factor, the extent to which the transaction was intended to affect Plaintiffs, the Court finds that Plaintiffs have not satisfied this element." *Huynh*, 2020 WL 7408230, at \*7. So too here. As to the second and fifth factors (foreseeability of harm and moral blame), as the Court previously noted, Walmart warned Plaintiff that "information sent or received while using the Walmart website 'may not be secure and may be intercepted or otherwise accessed by unauthorized parties,'" and Plaintiff chose to assume that risk. Order, at 14:21-15:1. As to the third and fourth factors (degree and certainty that Plaintiff suffered harm and closeness of connection between Walmart's conduct and Plaintiff's harm), Plaintiff suffered no harm, as the Court held already, and Plaintiff otherwise has failed to "establish how Walmart failed to take reasonable measures to protect customer's data." Order, at 10:6-7, 10:27-11:1. As to the sixth factor, "imposing liability in this case" will not "influence other business[es] to take necessary precautions," as Walmart committed no wrongs and Plaintiff suffered no harm. *Huynh*, 2020 WL 7408230, at \*9.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Even if Plaintiff could overcome the economic loss rule (and he cannot), Plaintiff fails to allege the breach of any duty. Plaintiff responds by directing this Court to the same "vague allegations [that] do not establish how Walmart failed to take reasonable measures to protect customer's data." Order, at 10:6-7.[7] Plaintiff did not cure those allegations, which remain fatally "vague."[8]

### E.  Plaintiff Fails to State Viable Contract Claims

Unable to avoid the limitation-of-liability and warranty disclaimer provisions in Walmart's TOU, Plaintiff retreats to the same arguments rejected by the Court already. Opp. at 11:7-12:24. Plaintiff does cite additional authorities (from 35 to 50 years ago) that are wholly inapposite and do not change the Court's previous decision. Opp. at 12:14-24. Indeed, each of those cases involved attempts by defendants to exculpate themselves from tortious conduct. *Id.*; *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d 713, 720 (1986) (negligence); *Vilner v. Crocker Nat'l Bank*, 89 Cal. App. 3d 732, 735 (1979) (examining clause "exculpating the bank from loss except for gross negligence or willful misconduct"); *Akin v. Bus. Title Corp.*, 264 Cal. App. 2d 153, 155 (1968) (negligence). Here, Walmart has moved only to dismiss Plaintiff's contract claims under the limitation-of-liability and warranty disclaimer provisions in its TOU.

With respect to a predicate breach, Plaintiff has failed to allege one. Again, Plaintiff cites to the same "vague allegations [that] do not establish how Walmart failed to take reasonable measures to protect customer's data." Order, at 10:6-7.

---

[7] Plaintiff again cites to a bulleted list of generalized technical terms in the hopes that recitation of a few "buzz words" will nudge him past the pleading line. Opp. at 11:3 (citing FAC ¶102). But Plaintiff fails to tether them to the Alleged Breach specifically or otherwise explain how vague concepts like "[u]nsupported operating systems" or "[s]can [i]nterference" caused the Alleged Breach. Plaintiff had to allege more.
[8] The Court rightfully rejected the sufficiency of these allegations, many of which address instances of self-compromise (likely what happened to Plaintiff). *See*, *e.g.*, FAC ¶ 24 ("If a script or malware is running on the customer's computer, …"), *id.* ("If the customer has malware on his or her computer, …").

14                                          4:20-cv-04618-JSW

Once again, Plaintiff "simply recited a few buzz words with the hope that he may be able to figure out later what, if anything, [Walmart] has done wrong." *Razuki v. Caliber Home Loans, Inc.*, 2018 WL 6018361, at *2 (S.D. Cal. Nov. 15, 2018).

### F.    Plaintiff Fails to State a Viable Unjust Enrichment Claim

Plaintiff claims he "has sufficiently pled entitlement to restitution under a quasi-contract theory because the FAC 'contests the validity of at least some of the [c]ontract's terms.'" Opp. at 12:26-27 (quoting *Bear, LLC v. Marine Grp. Boat Works, LLC*, 2015 WL 4255061 at *5 (S.D. Cal. July 14, 2015)).

Plaintiff's reliance on *Bear* is misplaced. In *Bear*, the "defendant conceded that the complaint 'contest[ed] the validity of … the amendments pursuant to which [the defendant] performed its work, labor and services.'" *Free Range Content, Inc. v. Google Inc.*, 2016 WL 2902332, at *16 (N.D. Cal. May 13, 2016). "In other words, in *Bear*, the heart of the contract was in dispute." *Id.* Here, in contrast, "[s]ave for certain terms alleged to be invalid and unenforceable" (*i.e.*, limitation-of-liability and warranty disclaimer provisions), Plaintiff admits a contract exists. FAC ¶ 124. *Bear* does not salvage the claim, and Plaintiff does not direct the Court to any allegations that otherwise support a quasi-contract theory. Motion, at 15:8-12.

On top of that, as stated above, Plaintiff cannot show he lacks legal remedies. *Sharma v. Volkswagen AG*, 2021 WL 912271, at *9 (N.D. Cal. Mar. 9, 2021) (applying *Sonner* to unjust enrichment claim). The claim fails.

### III.    CONCLUSION

For these reasons, the Court should dismiss Plaintiff's claims with prejudice.

Dated:  May 28, 2021                                      **HUNTON ANDREWS KURTH LLP**

By:      /s/ Ann Marie Mortimer
       Ann Marie Mortimer
       Jason J. Kim
       Jeff R. R. Nelson
       Attorneys for Defendant
       WALMART INC.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627