UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVARIOUS GARDINER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC.,<br><br>　　　　Defendant. | Case No. 20-cv-04618-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 47 |

Now before the Court for consideration is the motion to dismiss Plaintiff's first amended complaint ("FAC"), filed by Defendant Walmart, Inc. ("Walmart" or "Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L-R 7-1(b). The Court HEREBY GRANTS the motion to dismiss WITH PREJUDICE.

**BACKGROUND**

The Court previously set forth the facts giving rise to this dispute in its Order granting Walmart's motion to dismiss Plaintiff Lavarious Gardiner's ("Plaintiff") original complaint. (*See* Dkt. No. 43.) The Court shall not repeat those facts here, except as necessary to the analysis. Plaintiff maintains his claims for violation of the California Consumer Privacy Act ("CCPA"), Civ. Code section 1798.150 *et seq.*, negligence, violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200, *et seq.*, breach of express contract, breach of implied contract, and breach of implied covenant of good faith and fair dealing. Plaintiff has amended to include a claim for unjust enrichment.

//

//

**ANALYSIS**

**A.     Legal Standard Applicable to Rule 12(b)(6).**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). Where, as here, a plaintiff has previously amended a complaint, a district court has broad discretion to deny further leave to amend. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotations and citation omitted).

**B.     Plaintiff Fails to State a CCPA Claim.**

To have a viable claim against Walmart for a violation of the CCPA, Plaintiff must allege that Walmart's "violation of the duty to implement and maintain reasonable security procedures and practices" that led to the breach occurred on or after January 1, 2020. *See* Cal. Civ. Code § 1798.150(a)(1). In its prior Order, the Court determined that the challenged provision of the CCPA does not apply retroactively. Accordingly, Plaintiff's CCPA claim fails unless the alleged breach occurred on or after January 1, 2020. Plaintiff alleges that he discovered his personal

identifying information ("PII") available for sale online in 2019. (FAC ¶ 17.) The logical conclusion from this allegation is that the alleged breach of Walmart's website occurred prior to January 1, 2020, which is fatal to Plaintiff's CCPA claim.

In his opposition, Plaintiff contends that Defendant has taken his allegation out of context. He attaches a declaration to his opposition attesting that he discovered that his data was for sale on the dark web on June 9, 2020, not in 2019 as he alleges. (Dkt. No. 49-1, Declaration of Lavarious Gardiner, ¶ 3.) Generally, courts may not consider materials beyond the pleadings in ruling on a Federal Rule of Civil Procedure 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994)). There are two exceptions to this rule: (1) court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss; and (2) under Federal Rule of Evidence 201, "a court may take judicial notice of 'matters of public record.'" *Id.* (citing *Mack v. South Bay Beer Distrib.*,7 98 F.2d 1279, 1282 (9th Cir.1986)). Because Plaintiff's declaration is not a pleading, is not attached to or relied on in the complaint, and is not a matter of public record, the first exception does not apply. The second exception is inapplicable because Plaintiff did not file a request for judicial notice or provide any legal argument supporting the Court's ability to consider his declaration. Therefore, the Court will not consider Plaintiff's declaration. *See Hitek Software, LLC v. Sunrise Broad. of New York, Inc.*, No. 12-cv-8004-JGB-MRWx, 2013 WL 12137879, at *3 (C.D. Cal. Feb. 21, 2013) (refusing to consider declarations on a motion to dismiss).

Plaintiff also argues that the allegation that he discovered his PII for sale in 2019 is "clearly the result of scrivener's error." (Opp. at 2.) The Court's previous Order put Plaintiff on notice that his CCPA claim could not survive absent allegations that the violation occurred on or after January 1, 2020. Following that Order, it is not credible that this allegation, which is central to Plaintiff's CCPA claim, is the result of a typo or misunderstanding. Moreover, Plaintiff employed the same "drafting error" tactic to avoid problematic allegations in his original complaint, which renders his use of the argument here even less credible. Plaintiff's attempt to amend his complaint through his opposition by casting the allegation as a drafting error and attaching a self-serving declaration is improper. *Johnson v. Cty. of Santa Clara*, No. 5:18-cv-

3

06264-EJD, 2019 WL 1597488, at *3 (N.D. Cal. Apr. 15, 2019) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.") (quoting *Barbera v. WMC Mortg. Corp.*, 2006 WL 167632, at *2 n. 4 (N.D. Cal. Jan. 19, 2006)).

The Court GRANTS Defendant's motion to dismiss Plaintiff's CCPA claim. The Court also concludes that further leave to amend would be futile. Were Plaintiff to amend his complaint to allege that the violation occurred on or after January 1, 2020, it would directly contradict the allegation in the FAC that he discovered his PII for sale in 2019. *Reddy*, 912 F.2d at 296–97 (amended complaint may only allege other facts consistent with the challenged pleading). For these reasons, Plaintiff's CCPA claim is dismissed with prejudice.

**C.    Plaintiff's Fails to Allege Injury to Support His UCL, Negligence, and Contract Claims.**

Walmart moves to dismiss Plaintiff's claims for negligence, breach of contract, and violations of the UCL for failure to plead cognizable damages. The majority of Plaintiff's allegations regarding injury remain unchanged from the original complaint, and the Court will focus its analysis on the new allegations in the FAC.

**1.    Loss of Value of PII.**

Diminution of value of personal information can be a viable damages theory. *See In re Facebook Privacy Litig.*, 572 F. App'x 494 (9th Cir. 2014). A plaintiff must establish the existence of a market for the personal information and an impairment of the ability to participate in that market. *Svenson v. Google Inc.*, No. 13-cv-04080-BLF, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016). Recently, in *Pruchnicki v. Envision Healthcare Corp.*, the Ninth Circuit affirmed the district court's finding that allegations of diminution of value of personal information were insufficient to establish the damages element for her state law claims. 845 F. App'x 613, 614-15 (9th Cir. 2021). The Ninth Circuit explained that although the plaintiff cited studies establishing that personal information may have value in general, the plaintiff "failed to adequately allege that *her* personal information actually lost value." *Id.* The "'mere misappropriation of personal information' does not establish compensable damages." *Id.* at 615 (quoting *In re Google, Inc. Privacy Pol'y Litig.*, No. 5:12-cv-001382-PSG, 2015 WL 4317479, at

4

*5 n.63 (N.D. Cal. July 15, 2015).

As in *Pruchnicki*, Plaintiff does not allege that he has been unable to sell, profit from, or monetize his personal information. Instead, he alleges that whether he ever intended to sell his information is irrelevant because it is possible to assign a monetary value to PII using a market approach. (FAC ¶ 41.) Apart from allegations about the value of PII in general, Plaintiff has not alleged that his purportedly stolen personal information—his name, home address, phone number, and the last four digits and expiration dates of two of his debit cards—is less valuable *because of* the breach. Indeed, Plaintiff's allegations suggest that his PII may be valueless for reasons unrelated to the alleged breach. He alleges that credit cards expire after three years, and he alleges that he provided his card information to Walmart in 2016. The reasonable inference from Plaintiff's allegations is that his allegedly hacked card information has expired and is invalid, suggesting that no market would exist for this information and rendering the information of little value independent of the alleged breach. *See Razuki v. Caliber Home Loans, Inc.*, No. CV 17-1718-LAB (WVGx), 2018 WL 6018361, at *1 (S.D. Cal. Nov. 15, 2018) (finding allegations of damages based on diminution of value of personal data insufficient where plaintiff failed to allege enough facts to establish how his personal information was less valuable as a result of the breach). Accordingly, Plaintiff's allegations of the loss of value of PII are insufficient to satisfy the damages element of his UCL, negligence, and breach of contract claims.

### 2. Risk of Future Harm.

In the original complaint, Plaintiff alleged that he and class members canceled credit cards and closed financial accounts as a result of the breach. Defendant argued that this allegation foreclosed the risk of future harm, but Plaintiff contended that the allegation was a drafting error not intended to mean that Plaintiff had canceled the cards implicated in the breach. The Court permitted Plaintiff the opportunity to amend to clarify this allegation. Plaintiff has not done so. Instead, in his opposition, Plaintiff again characterizes the allegation as inartful pleading and again seeks leave to amend. However, he does not explain why he failed to clarify this allegation when previously afforded the opportunity to amend or explain how he proposes to do so if afforded another chance. Given Plaintiff's failure to amend or clarify this allegation in the FAC, it is

implausible for the Court to infer that the allegation is a drafting error. Instead, the reasonable inference from Plaintiff's allegation is that he has canceled the cards associated with the alleged data breach. Additionally, as discussed above, Plaintiff alleges that: (1) he provided his credit card information to Walmart in 2016; and (2) credit cards expire after three years. The Court must infer from these allegations that credit card information Plaintiff provided to Walmart expired in 2019 and is no longer valid. Plaintiff does not argue otherwise. Instead, he raises an argument seemingly related to the statute of limitations for his claims, but this has no bearing on whether Plaintiff can show a risk of future harm for a card that is expired. It is hard to see how Plaintiff faces a risk of future harm if the cards at issue were canceled or have expired.

Because Plaintiff's allegations establish that he canceled the credit cards associated with the breach and that those cards have expired, there is no risk of future harm stemming from hackers' possession of that information. *Jackson v. Loews Hotels, Inc.*, 2019 WL 2619656, at *3 (C.D. Cal. Jan. 4, 2019) (plaintiff's allegations that she closed or modified her financial accounts "foreclose[d] the possibility of certainly impending future harm."); *Smith v. Sabre*, No. 17-cv-5149, at 4 n.2 (C.D. Cal. Jan. 23, 2018) (ECF No. 36) ("[T]he fact that Smith admitted that she cancelled her cards was fatal to her claims because it meant that there could be no future risk to those accounts and nothing to 'constantly monitor' them for."). Plaintiff has failed to allege a cognizable injury based on the risk of future harm to prevail on his negligence, contract, and UCL claims.

### 3. Out-of-Pocket Expenses and Lost Time.

The Court previously found Plaintiff's allegations of out-of-pocket expenses and lost time insufficient to support the element of damages of his UCL, contract, and negligence claims because he failed to allege facts in support of the credit monitoring services purchased or sufficiently allege that such services were reasonable and necessary. In the FAC, Plaintiff now alleges that he purchased Norton LifeLock, a credit monitoring service, in June 2020. However, Plaintiff still fails to allege that the credit monitoring services were reasonable and necessary.

Plaintiff relies on *Corona v. Sony Pictures Entm't, Inc.*, in arguing that out-of-pocket expenses for credit monitoring services qualify as compensable damages. No. 14-cv-09600-RGK-

6

EX, 2015 WL 3916744 (C.D. Cal. June 15, 2015). In *Corona*, the court considered whether costs relating to credit monitoring or other prophylactic measures sufficiently supported a negligence claim. *Id*. at *4. The court determined that credit monitoring could be compensable where the evidence shows that the need for future monitoring is a reasonably certain consequence of the defendant's breach of duty, and that the monitoring is reasonable and necessary. *Id*. To determine the reasonableness and necessity of such monitoring, the court considered five factors: (1) the significance and extent of the compromise to the plaintiff's PII; (2) the sensitivity of the compromised information; (3) the relative increase in the risk of identity theft compared to the changes of identity theft had the breach no occurred and the chances of the public at large being subject to identity theft; (4) the seriousness of the consequences resulting from the identity theft; and (5) the objective value of early detection. *Id.* In applying those factors to the case at hand, the court in *Corona* found that the plaintiffs' allegations supported the reasonableness and necessity of credit monitoring. The breach at issue caused the disclosure of the plaintiffs' most sensitive, non-public PII, which included Social Security numbers, employment files, bank account information, health and medical information, passport numbers, retirement plan data, and home and email addresses. *Id.* at *4. This information was posted on file-sharing websites, was copied over millions of times, and was used to by hackers to threaten the release of additional PII. *Id.*

Unlike in *Corona*, Plaintiff alleges that hackers obtained his name, home address, phone number, and the last four digits and expiration dates of two debit cards. The sensitivity of this information does not rise to the same level as the information at issue in *Corona*. Additionally, in *Corona*, several plaintiffs had already received notification of attempted identity theft. Here, Plaintiff does not allege that any fraud or identity theft has occurred. Moreover, given that Plaintiff alleges that cards at issue are expired and/or canceled, the severity of consequences that could result from the alleged identity theft, if any, are far less than those faced by the *Corona* plaintiffs.

Accordingly, Plaintiff's allegations again fail to establish that out-of-pocket expenses and lost time spent on credit monitoring were reasonable and necessary. Plaintiff has not alleged a cognizable injury based on out-of-pocket expenses for his negligence, UCL, or contract claims.

*See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 966 (S.D. Cal. 2012) (allegations that the heightened risk of identity theft, time and money spent on mitigation of that risk, and property value in one's information, do not suffice as injury under the UCL).

### 4. Benefit of the Bargain.

Under the "benefit of the bargain" theory, courts generally recognize that plaintiffs have suffered a financial injury when they purchase a product in reliance on a false representation about the product's value and allege that they would not have made the purchase, or would not have paid as much as they did, had they known the truth. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 332 (2011). The Court previously found that Plaintiff's benefit of the bargain theory was deficient because Plaintiff failed to allege that Walmart represented that the cost of data security was included in the cost of its goods.

Plaintiff's allegations in the FAC regarding the alleged benefit of the bargain remain virtually unchanged from the original complaint. Plaintiff again fails to allege that Defendant made any affirmative representation that data security was included in the cost of the goods. This distinguishes Plaintiff's case from those he cites in his opposition involving defendants who made statements about data security practices upon which the plaintiff relied before providing personal information. *Jackson v. Loews Hotels, Inc.*, No. ED CV 18-827-DMG (JCx), 2019 WL 6721637, at *1 (C.D. Cal. July 24, 2019). Plaintiff alleges that he and class members relied on the assumption that some proportion of the revenue earned by Walmart from its transactions would be allocated to the implementation of data security practices. (FAC ¶ 57(g).) He does not allege how that would occur or what gave rise to that assumption. This conclusory allegation cannot support Plaintiff's benefit of the bargain theory. *See Jackson*, 2019 WL 6721637, at *2 (finding similar allegations amounting to "an *implied* promise to earmark a portion of the purchase price for ensuring data security" insufficient to support benefit of the bargain theory).

Plaintiff contends in his opposition that the Privacy Policy contains a promise that Defendant will keep Plaintiff's data safe. (*See* FAC, Ex. K at 10 (stating that Defendant is "responsible for helping to protect the security of your information" and will "use reasonable

8

security measures, including physical, administrative, and technical safeguards to protect your personal information.").) He argues that customers would expect that a portion of its sales revenue would go to maintaining data security infrastructure based on this statement. Plaintiff, however, never alleges that he read or relied on the Privacy Policy and offers no facts to support this conclusory allegation. In any event, the Privacy Policy never discusses product pricing or charges for data security. Even if it did, Defendant's Terms of Use caution customers that information sent or received on Defendant's websites may not be secured and may be intercepted or otherwise accessed by unauthorized parties, alerting Plaintiff that Defendant's security measures were not infallible. [1] *Jackson*, 2019 WL 6721637, at *2 (citing *See In re Sony Gaming*, 903 F. Supp. 2d at 968 ("[I]n the presence of clear admonitory language that Sony's security was not 'perfect,' no reasonable consumer could have been deceived.").) Plaintiff's allegations in support of his benefit of the bargain theory of damages are again deficient.

Plaintiff has again failed to plausibly allege injury to support his UCL, breach of contract, and negligence claims. Therefore, the Court GRANTS Defendant's motion to dismiss these claims.

**D.    Plaintiff's Claims Fail for Additional Reasons.**

Defendant moves to dismiss Plaintiff's claims for independent reasons. Although the Court need not reach these arguments, it will briefly address other grounds for dismissal of Plaintiff's claims.

**1.    Negligence Claim.**

The Court previously found that the economic loss doctrine barred Plaintiff's negligence claim because Plaintiff failed to allege a "special relationship" with Defendant. Plaintiff alleges only economic loss in connection with his negligence claim. (FAC ¶ 113 ("Plaintiff has suffered monetary injury…").) Therefore, Plaintiff's negligence claim must be dismissed unless an

---

[1] Defendant asks the Court to take judicial notice of several iterations of Walmart.com's Terms of Use. (Dkt. No. 48.) The Court grants Defendant's unopposed request. *See United States ex rel. Hong v. Newport Sensors, Inc.*, No. SA 13-CV-1164-JLS (JPRX), 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) (taking judicial notice of contents of web pages available through the Wayback Machine).

exception to the economic loss rule applies.

Plaintiff continues to argue that a "special relationship" exists between him and Defendant, which permits him to recover economic losses for his negligence claim. To judge the existence of a special relationship giving rise to an independent duty, courts consider six factors: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *J'Aire Corp. v. Gregory*, 24 Cal.3d 709, 804 (1979).

First, as Defendant argues, multiple courts have found that the "special relationship" exception is inapplicable where the parties are in privity of contract with respect to contracts for goods. *See R Power Biofuels, LLC v. Chemex LLC*, No. 16-CV-00716-LHK, 2016 WL 6663002, at *9 (N.D. Cal. Nov. 11, 2016) (finding that "the *J'aire* exception does not apply where the parties are in privity of contract with respect to a transaction involving goods"); *N. Am. Chem. Co. v. Superior Ct.*, 59 Cal. App. 4th 764, 784, 69 Cal. Rptr. 2d 466, 477 (1997) (concluding, without deciding, that "*J'Aire* could properly be applied in a goods or products case only when there is an *absence* of privity"). Here, the FAC alleges that Plaintiff entered in a contract with Defendant to purchase goods. (*See* FAC ¶¶ 107, 124.)

Regardless, Plaintiff has again failed to allege facts establishing the existence of a "special relationship." Plaintiff adds vague and conclusory allegations to the FAC to bolster his argument that such a relationship existed between him and Defendant, but these general allegations lack facts to support the finding of a "special relationship." Plaintiff again fails to allege that the transaction was intended to specifically benefit him in a way separate from other consumers. *See Whiteside v. E*TRADE Sec., LLC*, No. 20-cv-05803-JSC, 2021 WL 930794, at *6 (N.D. Cal. Mar. 11, 2021) (finding first *J'Aire* factor weighed against imposing a special relationship where plaintiffs failed to plead to intent particular to them as opposed to all users); *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 972 (S.D. Cal. 2014) (first factor weighed against finding a special relationship where the defendant did not develop

10

goods and services for the plaintiffs' "specific benefit, above and beyond what was offered to all consumers"). With regard to the remaining factors, Plaintiff's unsupported conclusory allegations do not permit the inference that a special relationship existed. Plaintiff's negligence claim fails.

### 2. Breach of Contract Claims.

The Court previously found Plaintiff's breach of contract claims were barred by the limitation of liability clause in Walmart's Terms of Use. The Court permitted Plaintiff leave to amend because it was conceivable that Plaintiff could allege facts establishing the procedural or substantive unconscionability of the contract. Plaintiff fails to do so. The FAC alleges in conclusory fashion that the contract is procedurally unconscionable because it is a contract of adhesion and substantively unconscionable because it eliminates the mutuality of the agreement. (*See* FAC ¶132-133.) The Court previously rejected these arguments, and Plaintiff fails to allege facts supporting his conclusory assertions of procedural and substantive unconscionability. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's contract claims are dismissed.

### 3. Claims for Equitable Relief.

Plaintiff's unjust enrichment claim and UCL claim are claims in equity. *See Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*, 2012 WL 13028094, at *2 (C.D. Cal. Apr. 4, 2012) (citing *Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1146-49, (2003) ("Remedies under the UCL are limited to restitution and injunctive relief, and do not include damages.")). The Court previously found Plaintiff failed to allege a lack of adequate legal remedy under the Ninth Circuit's recent decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Defendant again moves to dismiss Plaintiff's claims for equitable relief fail on the basis that he has not pled that he lacks an adequate remedy at law.

Plaintiff argues that it is premature for the Court to determine the adequacy of legal remedies at this stage, arguing that *Sonner* requires detailed allegations of lack of adequate remedy at law only at the eve of trial. The Court rejects Plaintiff's argument, and like numerous other courts, it finds *Sonner* applies at this stage of proceedings. *See Zaback v. Kellogg Sales Co.*, No 3:20-cv-00268-BEN-MSB, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (collecting cases);

11

*see also IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-cv-05286-PJH, 2020 WL 6544411, at *4 (N.D. Cal. Nov. 6, 2020) ("The *Sonner* panel's recitation of the subject common law principles unequivocally applies to any request for equitable relief.").

Plaintiff also argues that he lacks an adequate remedy at law because lost economic opportunities related to reductions in credit scores and reputational concerns related to identity theft cannot be remedied monetarily. However, Plaintiff does not allege that he suffered these harms. Even if he had, he offers no explanation why monetary damages could not remedy these harms. As to the losses Plaintiff does allege, including his out-of-pocket expenses, time spent monitoring credit, benefit-of-the-bargain losses, and loss of value of his PII, these are "compensable pecuniary losses with calculable monetary value." (*See* FAC ¶¶ 120-122.)

Plaintiff also prays for injunctive relief "mandating that Defendants implement and maintain reasonable security procedures and practices to protect Plaintiff's and Class Members' PII from unauthorized access, destruction, use, modification or disclosure, and notify Plaintiff and the Class Members of all data breaches which have occurred." (*See* FAC, Prayer for Relief.) However, as discussed above, Plaintiff's allegations foreclose the threat of future injury because his credit cards have expired or been canceled, and an injunction requiring Defendant to improve its security procedures in the future would not provide relief for injuries arising out of a past data breach. As to potential future breaches, Plaintiff offers no explanation why monetary damages would not provide adequate relief for purported future harms. *Clark v. Am. Honda Motor Co.*, No. CV 20-03147 AB (MRWx), 2021 WL 1186338, at *8 (C.D. Cal. Mar. 25, 2021) (dismissing claim for prospective injunctive relief under *Sonner*). Because Plaintiff fails to allege that he lacks an adequate remedy at law, his claims for equitable relief are dismissed.

E.   **The Court Dismisses Plaintiff's Unjust Enrichment Claim.**

Plaintiff's unjust enrichment claim independently fails because a valid contract exists between the parties. In California, there is no independent claim for unjust enrichment because unjust enrichment "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks omitted). While Plaintiff raises

12

an unjust enrichment claim, the Court "construe[s] the cause of action as a quasi-contract claim seeking restitution." *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014).

As a matter of law, a quasi-contract claim for unjust enrichment "'cannot lie where there exists between the parties a valid express contract covering the same subject matter.'" *Rutherford Holdings, LLC*, 223 Cal. App. 4th at 231 (quoting *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996)); *see also Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) ("As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract.")). To proceed on a claim for unjust enrichment, Plaintiff must allege that the alleged contract between him and Defendant was unenforceable or void. *See Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 999 (N.D. Cal. 2020) (noting a plaintiff may alternatively plead a breach of contract claim and quasi-contract claim only if "the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid").

Here, Plaintiff alleges that an enforceable contract existed between him and Defendant but fails to allege that same contract was unenforceable or void. Plaintiff relies on *Bear, LLC v. Marine Grp. Boat Works, LLC* to argue that he has adequately pled unjust enrichment because the FAC contests the validity of at least some of the contract's terms. No. 3:14-CV-02960-BTM, 2015 WL 4255061, at *5 (S.D. Cal. July 14, 2015). However, as Defendant argues, *Bear* is distinguishable because in that case the defendant conceded that the complaint contested the validity of the core of the contract. That is not the case here where Plaintiff expressly alleges the existence of an enforceable contract, "[s]ave for certain terms alleged to be invalid." *Free Range Content, Inc. v. Google Inc.*, No. 14-CV-02329-BLF, 2016 WL 2902332, at *16 (N.D. Cal. May 13, 2016) (dismissing unjust enrichment claim where the parties agreed there was an enforceable contract).

Because Plaintiff has expressly pleaded the existence of an enforceable contract, he cannot bring a claim for unjust enrichment. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389–90 (2012) (affirming demurrer to unjust enrichment claim where "plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not

deny the existence or enforceability of that agreement"); *Huynh v. Quora, Inc.*, No. 18-CV-07597-BLF, 2019 WL 11502875, at *12 (N.D. Cal. Dec. 19, 2019) (dismissing unjust enrichment claim without leave to amend where the existence of the contract was undisputed and the plaintiffs did not allege that the contract was void, rescinded, or otherwise unenforceable).

The Court GRANTS Defendant's motion to dismiss Plaintiff's unjust enrichment claim. Further, given that Plaintiff has pleaded the existence of a valid contract, the Court dismisses the claim without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss. Plaintiff has failed to remedy the deficiencies previously identified by the Court and has not identified what information he would add to cure the deficiencies. Accordingly, the Court finds further amendment would be futile and DISMISSES the FAC WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 28, 2021

JEFFREY S. WHITE
United States District Judge